J. Henk Taylor, A.Z. Bar #016321
RYAN RAPP UNDERWOOD & PACHECO, P.L.C.
3200 N. Central Avenue, Suite 2250, Phoenix, Arizona 85012
Telephone: (602) 280-1000
Fascimile: (602) 265-1495
htaylor@rrulaw.com

Aaron S. Ament, D.C. Bar #1602164 (*pro hac vice* forthcoming)
Daniel A. Zibel, D.C. Bar #491377 (*pro hac vice* forthcoming)
Maya H. Weinstein*, N.C. Bar #56621 (*pro hac vice* forthcoming)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600, Washington, D.C. 20005
(202) 734-7495
aaron@defendstudents.org
dan@defendstudents.org
maya@defendstudents.org

Brian Galle, N.Y. Bar #419154 (*pro hac vice* forthcoming)
Georgetown University Law Center
600 New Jersey Avenue NW, Washington, D.C. 20001
(202) 662-4039
brian.galle@georgetown.edu

Attorneys for Proposed Intervenor-Defendant Student Defense
* Admitted to practice law only in North Carolina; Supervised by organizational
principals while D.C. Bar application is pending.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University,<br><br>   Plaintiff,<br><br>v.<br><br>Miguel Cardona, in his Official Capacity as Secretary of the United States Department of Education, and the United States Department of Education.<br><br>   Defendants,<br><br>   and<br><br>National Student Legal Defense Network,<br><br>   Applicant to Intervene. | No.: 2:21-cv-00177 |

## INTERVENOR-DEFENDANT'S ANSWER

Defendant-Intervenor National Student Legal Defense Network, by and through undersigned counsel, hereby states as follows as an Answer to the Complaint of Plaintiff Grand Canyon University in the above-captioned action.

1.      Intervenor-Defendant admits that GCU is a private Christian university in Phoenix, Arizona, and that from its inception in 1949 until 2004, GCU operated as an Arizona nonprofit institution. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

2.      Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

3.      Intervenor-Defendant admits that "new GCU" was recently formed. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

4.      Intervenor-Defendant admits that the IRS and GCU's accreditor approved GCU's nonprofit status. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

5.      Intervenor-Defendant admits that the Department has denied GCU's application to be considered a nonprofit institution of higher education, as that term is used with reference to Title IV of the Higher Education Act ("HEA) and its regulations. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

6.      Deny.

7.     Aspects of this Paragraph constitute legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

**INTRODUCTION[1]**

8.     The first sentence of this Paragraph contains Plaintiffs' own characterization of their motives for this lawsuit, as to which Intervenor-Defendant lacks knowledge. Intervenor-Defendant admits that at the time of the Department's denial, the IRS had approved GCU as a tax-exempt nonprofit pursuant to 26 U.S.C. § 501(c)(3). Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

9.     The first sentence contains a characterization of the Department's written statement, as to which the best evidence of the Department's basis is the written statement itself. Because the remainder of the paragraph is premised on vague allegations of what is "materially similar," Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations.

10.     Admit.

11.     Intervenor-Defendant admits the first two sentences of the Paragraph. With respect to the third sentence, Intervenor-Defendant admits that the Department stated in its November 6, 2019, letter that it "does not take a position with respect to Gazelle's non-profit 501(c)(3) status with the Internal Revenue Service. However, GCU must cease any advertising or notices that refer to its 'nonprofit status.'…The Department does not take a position regarding statements that GCU may make about its IRS status as a 501(c)(3) tax exempt organization." Intervenor-Defendant further admits that the

---

[1]     Student Defense has included the headings listed in the Complaint only to assist in reading the pleadings. Student Defense does not admit, and in fact denies, the accuracy of those headings to the extent that they can be construed as asserting allegations of fact.

Department reinforced the position stated in the previous sentence in its January 12, 2021 letter. The final two sentences of this Paragraph constitute legal conclusions to which no response is required.

12.     This allegation, including its subparts, contains legal conclusions to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations.

13.     This allegation makes and characterizes a legal conclusion, so no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations.

14.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

15.     Intervenor-Defendant admits that Paragraph 15 describes Plaintiff's claims and denies that Plaintiff is entitled to any relief on its claims.

## PARTIES

16.     Intervenor-Defendant admits that GCU is incorporated as a nonprofit corporation in the State of Arizona, with its principal place of business at 3300 West Camelback Road – Phoenix, AZ 85017. Intervenor-Defendant further admits that GCU has been recognized by the Internal Revenue Service as a tax-exempt organization under section 501(c)(3) of the Internal Revenue Code. Except as so stated, the allegations are denied.

17.     Intervenor-Defendant admits that Miguel Cardona is the Secretary of the Department and has been sued in his official capacity. Intervenor-Defendant further admits that the official address of the Department and Secretary Cardona is 400 Maryland Avenue SW, Washington, DC 20202. Except as so stated, the allegations are denied.

18.     Admit.

**JURISDICTION AND VENUE**

19.     This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

20.     This paragraph sets forth Plaintiff's jurisdictional allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required.

21.     This paragraph sets forth Plaintiff's venue allegations that present legal conclusions and questions of law to be determined solely by the Court, to which no answer is required. To the extent a response is required, Intervenor-Defendant admits that the proper venue is determined under 28 U.S.C. § 1391.

**FACTUAL ALLEGATIONS**

**A. Background**

22.     Intervenor-Defendant admits that GCU is a private Christian university located in Phoenix, Arizona. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

23.     Intervenor-Defendant admits that GCU was founded in 1949. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

24.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

25.     Intervenor-Defendant denies that GCU "be[came] a publicly traded institution in 2008." Intervenor-Defendant admits that GCE became a publicly- traded entity in 2008. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

26.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

27.     Intervenor-Defendant admits that GCE was a publicly traded company. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

28.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

29.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

30.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

31.     Intervenor-Defendant admits that Plaintiff entered into a partnership with the City of Phoenix Police Department. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in this Paragraph.

32.     Intervenor-Defendant admits that Plaintiff partnered with Habitat for Humanity. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in this Paragraph.

33.     Intervenor-Defendant admits that Plaintiff established centers called Learning Lounges® in the community that offer free in-person and online tutoring and mentoring to English and Spanish speaking K–12 students in the Phoenix area. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in this Paragraph.

34.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

35.     Intervenor-Defendant admits that Plaintiff opened a regional point-of-dispensing site for the Pfizer coronavirus vaccine. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in this Paragraph.

**B.  GCU Converts Back to Nonprofit Status**

36.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

37.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

38.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in the first two sentences of this Paragraph. Intervenor-Defendant denies the remaining allegations in this Paragraph.

**The Transaction**

39.     Intervenor-Defendant admits that GCU publicly announced its intent to convert to nonprofit status in 2014 and admits that GCU stated at that time that the remainder of the allegations in this Paragraph would be true. Except as so stated, Intervenor-Defendant lacks sufficient information to admit or deny, and therefore denies, the allegations in this Paragraph.

40.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

41.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph, including its subparts.

42.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

43.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

44.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

45.     Intervenor-Defendant admits that each of the named entities reviewed the transaction and recognized GCU as a nonprofit organization under their own respective standards. Except as so stated, the allegations in this Paragraph are denied.

**GCU Follows IRS, HLC and Department Requirements in Obtaining Nonprofit Status**

46.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this paragraph.

47.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

48.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph and its subparts.

49.     Intervenor-Defendant admits that GCU's IRS determination letter was dated November 9, 2015, and that the IRS approved its 501(c)(3) nonprofit status at that time. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

50.     Intervenor-Defendant admits that the transaction closed on July 1, 2018. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

51.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

52.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

53.     Intervenor-Defendant admits that HLC initially denied GCU's request for approval. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

54.     Intervenor-Defendant admits that in 2017, HLC changed its guidelines regarding service agreements. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

55.     Intervenor-Defendant admits that Plaintiff submitted an updated application to HLC in August 2017. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in this Paragraph.

56.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

57.     Intervenor-Defendant admits that HLC is a recognized accreditor. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

58.     Admit.

59.     Admit.

60.     Admit.

61.     Admit.

62.     Intervenor-Defendant admits that GCU provided a copy of a proposed MSA, a draft asset purchase agreement, a draft credit agreement, and a proposed corporate structure to the Department. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

63.     Insofar as this Paragraph including its subparts describes the content of the pre-acquisition review request, Intervenor-Defendant admits that the best evidence of the content of that request is the request itself.

64.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

65.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

66.     Intervenor-Defendant admits to the first sentence of this Paragraph. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in the final sentence of this Paragraph.

67.     Intervenor-Defendant admits that HLC typically requires transactions to close within 30 days of approval. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in this Paragraph.

68.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

69.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

70.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

71.     This Paragraph states a legal conclusion as to which no response is required. To the extent a response is required, Intervenor-Defendant admits.

72.     This Paragraph states a legal conclusion as to which no response is required. To the extent a response is required, Intervenor-Defendant admits.

73.     Deny.

74. Admit.

75. Intervenor-Defendant admits that Plaintiff filed additional supporting documentation with the Department on August 31, 2018. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the remaining allegations in this Paragraph.

76. This Paragraph states a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations.

77. Deny.

  a. Deny.

  b. Admit.

  c. Admit.

78. Intervenor-Defendant admits the allegations in the first sentence of the paragraph. Intervenor-Defendant further admits that Plaintiff sent a letter to the Department on October 1, 2018. Except as so stated, Intervenor-Defendant denies allegations in the Paragraph.

79. Intervenor-Defendant admits that Paragraph 79, including its subparts, describes generally the content of Plaintiff's letter to the Department, but avers that the best evidence of the contents of the letter is the letter itself. To the extent the allegations state a legal conclusion regarding the Department's applications of its standards, Intervenor-Defendant denies the remaining allegations in this Paragraph.

80. Intervenor-Defendant admits that Paragraph 80, including its subparts, describes generally the content of Plaintiff's letter to the Department, but avers that the best evidence of the contents of the letter is the letter itself. To the extent the allegations state a legal conclusion regarding the Department's applications of its standards, Intervenor-Defendant denies the remaining allegations in this Paragraph.

81.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in the first two sentences of this Paragraph. Intervenor-Defendant admits that Plaintiff remains an independent, private university, accorded nonprofit status by the State of Arizona and tax-exempt status under Section 501(c)(3) of the Internal Revenue Code by the IRS.

**The Department's November 6, 2019 Decision Letter Is Arbitrary and Without Justification**

82.    Deny.

83.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

84.    Intervenor-Defendant denies the allegation to the extent it characterizes the contents of an email, the best evidence of which is the email itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

85.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

86.    Admit.

87.    Deny.

88.    Deny.

89.    Intervenor-Defendant admits that the IRS made a determination regarding GCU's status under section 501 of the Internal Revenue Code. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

90.    Intervenor-Defendant admits that the IRS made a determination regarding GCU's status under section 501 of the Internal Revenue Code. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

91.     Insofar as this Paragraph describes the content of the November 2019 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

92.     Insofar as this Paragraph describes the content of the November 2019 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph, including its subparts.

93.     Insofar as this Paragraph describes the content of the November 2019 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. With respect to subparagraph (d), Intervenor-Defendant also admits that the Department approved GCU's Title IV participation as a for-profit, or proprietary institution. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph, including its subparts.

94.     Insofar as this Paragraph describes the content of the November 2019 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

95.     This allegation contains legal conclusions to which no response is required. To the extent a response is required, and insofar as the allegation includes only a summary of 34 C.F.R. § 668.25, Intervenor-Defendant denies the allegation in this Paragraph.

96.     Insofar as this Paragraph describes the content of the November 2019 decision, Intervenor-Defendant admits that the best evidence of the content of that letter

is the letter itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

97.     Deny.

**GCU Proposes to Amend the MSA as an Alternative Solution to Litigating the November 6, 2019 Decision**

98.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

99.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

100.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

101.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

102.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

103.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

104.     Intervenor-Defendant admits that the fee structure under the original MSA was capped at 60% payment required. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

105.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

106.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

107.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

108.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

109.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

110.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

111.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

112.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

113.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

114.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

115.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

116.     Deny.

117.     Deny.

118.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

119.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph, including its subparts.

120. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

121. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

122. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

123. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

124. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

125. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

126. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

**The Department Again Refuses to Recognize GCU's Nonprofit Status**

127. Admit.

128. Admit.

129. Insofar as this Paragraph describes the content of the January 12, 2021 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

130. Insofar as this Paragraph describes the content of the January 12, 2021 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

131.    Insofar as this Paragraph describes the content of the January 12, 2021 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant denies, the allegations in this Paragraph.

132.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

133.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

134.    Insofar as this Paragraph describes the content of the January 12, 2021 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

135.    This Paragraph contains legal conclusions to which no response is required. Insofar as a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

136.    Deny.

137.    Insofar as this Paragraph describes the content of the January 12, 2021 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

138.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

139.    This allegation contains legal conclusions to which no response is required. Insofar as a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

140.   This allegation contains legal conclusions to which no response is required. Insofar as a response is required, Intervenor-Defendant denies the allegations in this Paragraph, including its subparts.

141.   This allegation contains legal conclusions to which no response is required. Insofar as a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

142.   This allegation contains legal conclusions to which no response is required. Insofar as a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

143.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

144.   Deny.

145.   Insofar as this Paragraph describes the content of the January 12, 2021 decision, Intervenor-Defendant admits that the best evidence of the content of that letter is the letter itself. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

146.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

147.   Insofar as this Paragraph describes the content of a written communication, Intervenor-Defendant admits that the best evidence of the content of that communication is the communication itself.

148.   The first two sentences of this Paragraph constitute legal conclusions to which no answer is required. With respect to the remainder of the allegations, Intervenor-Defendant admits that the best evidence of the content of that decision is the decision itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

### C. The Department Lacks Authority Under Its Regulations to Determine Nonprofit Status

### The Department's Regulations About Nonprofit Conversions

149.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

150.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

151.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

152.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

153.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

154.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits the allegation in this Paragraph.

155.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits the allegation in this Paragraph.

156.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits the allegation in this Paragraph.

157.    This allegation constitutes a legal conclusion to which no response is required.

158.    This allegation constitutes a legal conclusion to which no response is required.

### The Department's Past Statements About Nonprofit Status

159.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

160.    Deny.

161.    Admit.

162.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

163.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

164.    Insofar as this Paragraph describes the content of Congressional testimony, Intervenor-Defendant admits that the best evidence of the content of that testimony is the record of such testimony. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

165.    Intervenor-Defendant denies the allegation to the extent it characterizes the contents of what was "[i]mplicit" in a federal agency's statement to the United States

Congress, the best evidence of which is the statement itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegation in this Paragraph.

166.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

167.    Intervenor-Defendant denies the first sentence of the Paragraph and admits that in 2010, the Department added a new paragraph to 34 C.F.R. § 600.2 defining foreign nonprofit institutions. Except as so stated, Intervenor-Defendant denies the allegation in this Paragraph.

168.    Intervenor-Defendant admits that the quotation appears in the cited reference. Except as so stated, this allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

169.    Admit.

170.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

171.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

172.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

173.    Admit.

174.    Admit.

175. Intervenor-Defendant denies that the allegations in Paragraph 175 reflect the context and full scope of the language in the proposed rules.

176. Intervenor-Defendant admits that Paragraph 176 describes the Department's support of the proposed rule, but denies the allegations to the extent that Plaintiff does not contextualize the quotation and misconstrues its true meaning.

177. This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

178. This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

**The Department's Past Practice With Nonprofit Conversion**

179. Deny.

180. Insofar as this Paragraph describes the content of Congressional testimony, Intervenor-Defendant admits that the best evidence of the content of that testimony is the record of such testimony. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

181. Admit.

182. Deny.

183. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

184. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

185. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

**The Department's Departure From Its Longstanding Practice**

186.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

187.   Admit.

188.   Insofar as this Paragraph describes the content of the Department's August 2016 decision, Intervenor-Defendant admits that the best evidence of the content of that decision is the decision itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

189.   Insofar as this Paragraph describes the content of the Department's August 2016 decision, Intervenor-Defendant admits that the best evidence of the content of that decision is the decision itself. Except as so stated, Intervenor-Defendant admits the allegations in this Paragraph.

190.   Insofar as this Paragraph describes the content of the Department's August 2016 decision, Intervenor-Defendant admits that the best evidence of the content of that decision is the decision itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

191.   Insofar as this Paragraph describes the content of the Department's August 2016 decision, Intervenor-Defendant admits that the best evidence of the content of that decision is the decision itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

192.   Insofar as this Paragraph describes the content of the Department's prior communication, Intervenor-Defendant admits that the best evidence of the content of that communication is a copy of the communication itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

193.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

194.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

195.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

196.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph and its subparts.

197.   Intervenor-Defendant admits that through a notice published in the Federal Register in July 2019, the Department repealed the gainful employment rules. Except as so stated, Intervenor-Defendant denies the remaining allegations in this Paragraph.

**The Department's Inconsistent Treatment of Similarly Situated Institutions**

198.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

199.   Deny.

200.   Intervenor-Defendant admits that the Department denied GCU's nonprofit status and admits that it approved a transaction between Purdue University and Kaplan University. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

201.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

202.    Insofar as this Paragraph describes the content of the Department's decision, Intervenor-Defendant admits that the best evidence of the content of the decision is the decision itself.

203.    Defendant-Intervenor admits that Purdue created a 501(c)(3) nonprofit, Purdue University Global, to purchase the credential-issuing side of Kaplan's higher education business. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

204.    Admit.

205.    Admit.

206.    Insofar as this Paragraph describes the content of the Department's decision, Intervenor-Defendant admits that the best evidence of the content of the decision is the decision itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

207.    Insofar as this Paragraph describes the content of the Department's decision, Intervenor-Defendant admits that the best evidence of the content of the decision is the decision itself. Except as so stated, Intervenor-Defendant admits the allegations in this Paragraph.

208.    Admit.

209.    Insofar as this Paragraph describes the content of the Department's decision, Intervenor-Defendant admits that the best evidence of the content of the decision is the decision itself. Except as so stated, Intervenor-Defendant admits the allegations in this Paragraph.

210.    Insofar as this Paragraph characterizes the contents of the MSA, Intervenor-Defendant admits that the best evidence of the contents of the MSA is the MSA itself.

211.    Insofar as this Paragraph characterizes the contents of the MSA, Intervenor-Defendant admits that the best evidence of the contents of the MSA is the MSA itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

212.    Insofar as this Paragraph characterizes the contents of the Department's decision, Intervenor-Defendant admits that the best evidence of the contents of the decision is the decision itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

213.    Insofar as this Paragraph characterizes the contents of the Department's decision, Intervenor-Defendant admits that the best evidence of the contents of the decision is the decision itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

214.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

215.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

216.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

217.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

218.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

219.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

**The Department's End-Run Around Negotiated Rulemaking**

220.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

221.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

222.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

**D.  Even Assuming the Department Has Authority to Determine Nonprofit Status for Title IV Purposes, the Decision is Arbitrary and Capricious Under Its Own Reading, the Department Exceeded Its Authority**

223.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

224.    Insofar as this Paragraph characterizes the contents of the Department's decision, Intervenor-Defendant admits that the best evidence of the contents of the decision is the decision itself. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

225.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

226.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

227.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

228.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits the allegation in this Paragraph.

229.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

230.    Deny.

231.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

232.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

**The Department Misapplied the Primary Purpose Test**

233.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

234.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

235.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits that the quotation from *United States v. Dykema* is accurately transcribed, but does not describe the Department's obligations under the law.

236.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

237.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

238.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

239.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

240.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

241.    Intervenor-Defendant denies the allegations as to the January 12, 2021 Decision. Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations pertaining to the August 20, 2020 letter.

242.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

243.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

244.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

245.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

246.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

247.   Insofar as this Paragraph characterizes the evidence, Intervenor-Defendant admits that the best evidence is the evidence itself. The remaining allegations constitute legal conclusions to which no response is required.

248.   Admit.

249.   Deny.

250.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

251.   Intervenor-Defendant lacks information sufficient to admit or deny whether Barclays advised GCE on the Transaction, and the ramifications of that advice. Intervenor-Defendant denies that the assessment of how GCU benefits under the MSA is an essential consideration under the IRS's primary purpose test.

252.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

253.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

254.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

255.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in the first sentence of this Paragraph. Intervenor-Defendant denies the allegation in the second sentence in this Paragraph.

256.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

257.   Deny.

258.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

259.   Deny.

260.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

261.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

**GCU's Net Earnings Do Not Improperly Benefit GCE**

262.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

263.   Admit.

264.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

265.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

266.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

267.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

268.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

269.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant avers that the best evidence of the contents of the Department's decision is the decision itself. Except as so stated, Intervenor-Defendant denies the allegation in this Paragraph.

270.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant avers that the best evidence of the contents of the Department's decision is the decision itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegation in this Paragraph.

271.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

272.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

273.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

**Brian Mueller's Dual Role Is Irrelevant to GCU's Nonprofit Status**

274.    Admit.

275.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

276.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

277.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

278.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

279.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

280.    Admit.

281.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

282.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

283.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

284.    Intervenor-Defendant admits that the best evidence of the GCU IRS Form 1023 is the form itself. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

285.    Intervenor-Defendant admits that the best evidence of the content of the MSA is the MSA. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

286.    Intervenor-Defendant admits that GCU's Bylaws adopted on December 15, 2017, delegate oversight of the MSA to a "Master Service Agreement Committee" which precludes any participation from interested persons. Except as so stated, Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

287.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

288.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

289.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

290.    Deny.

291.    Intervenor-Defendant admits that in its November 6, 2019, and January 12, 2021, letters the Department stated that it "does not take a position with respect to Gazelle's non-profit 501(c)(3) status with the Internal Revenue Service." Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

292.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

293.    Admit.

294.    Admit.

295.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

296.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

297.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

298.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

299.    Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

300.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

301.    Deny.

302.    Deny.

**The MSA Does Not Allow GCE to Operate GCU**

303.   The first sentence allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph. Intervenor-Defendant admits the second sentence of the Paragraph.

304.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits the allegation in this Paragraph.

305.   Intervenor-Defendant admits that the quoted language is included in 34 C.F.R. § 668.25(a). Except as so stated, Intervenor-Defendant denies the allegation in this Paragraph.

306.   Deny.

307.   Deny.

308.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

309.   Deny.

310.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

311.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

312.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

313.   Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

314.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

315.     This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

316.     Intervenor-Defendant lacks information sufficient to admit or deny, and therefore denies, the allegations in this Paragraph.

317.     This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

318.     Admit.

319.     Intervenor-Defendant admits that in its November 6, 2019 letter the Department stated that it "does not take a position with respect to Gazelle's non-profit 501(c)(3) status with the Internal Revenue Service" and in its January 12, 2021 letter the Department stated that "the fact that HLC may have reached a different conclusion is neither binding nor persuasive." Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

320.     This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

### E.  The Department's Licensing Regime Is an Unconstitutional Prior Restraint

321.     Intervenor-Defendant admits that Plaintiff was previously approved to operate as a nonprofit business by the State of Arizona and the IRS. Except as so stated, Intervenor-Defendant denies the remaining allegations in this Paragraph.

322.    Deny.

323.    Deny.

324.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

325.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

326.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

327.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

328.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegation in this Paragraph.

## COUNT I

329.    Intervenor-Defendant correspondingly incorporates the preceding paragraphs as if set forth fully herein.

330.    Deny.

331.    Deny.

332.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies that the Department acted arbitrarily and capriciously.

333.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations in this paragraph.

334.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies that Plaintiff is entitled to any relief on its claims.

335.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies that Plaintiff is entitled to any relief on its claims.

**COUNT II**

336.   Intervenor-Defendant correspondingly incorporates the preceding paragraphs as if set forth fully herein.

337.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits that the APA prohibits agency action that is contrary to law or arbitrary and capricious. Intervenor-Defendant denies the remaining allegations in this Paragraph.

338.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies that the Department's Decisions were contrary to law.

339.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies that the Department's Decisions were arbitrary and capricious. Intervenor-Defendant further denies each of the separately numbered subparts.

340.   This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies that the

Department violated "notices of notions, due process, and equal protection."  Intervenor-Defendant further denies that the Department acted contrary to law.

341.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies that Plaintiff is entitled to any relief on its claims.

## COUNT III

342.    Intervenor-Defendant correspondingly incorporates the preceding paragraphs as if set forth fully herein.

343.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits that HEA § 492 sets forth the Department's obligations to promulgate rules through negotiated rulemaking. Except as so stated, Intervenor-Defendant denies the allegations in this Paragraph.

344.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant admits that 5 U.S.C. § 553 sets forth certain requirements that agencies must follow. Except as so stated, Intervenor-Defendant denies the allegation in this Paragraph.

345.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

346.    This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

1

**COUNT IV**

2

347.    Intervenor-Defendant correspondingly incorporates the preceding

3

paragraphs as if set forth fully herein.

4

348.    This allegation constitutes a legal conclusion to which no response is

5

required. To the extent a response is required, Intervenor-Defendant denies the

6

allegations in this Paragraph.

7

349.    This allegation constitutes a legal conclusion to which no response is

8

required. To the extent a response is required, Intervenor-Defendant denies the

9

allegations in this Paragraph.

10

350.    This allegation constitutes a legal conclusion to which no response is

11

required. To the extent a response is required, Intervenor-Defendant denies the

12

allegations in this Paragraph.

13

351.    This allegation constitutes a legal conclusion to which no response is

14

required. To the extent a response is required, Intervenor-Defendant denies the

15

allegations in this Paragraph.

16

352.    This allegation constitutes a legal conclusion to which no response is

17

required. To the extent a response is required, Intervenor-Defendant denies the

18

allegations in this Paragraph.

19

353.    This allegation constitutes a legal conclusion to which no response is

20

required. To the extent a response is required, Intervenor-Defendant denies the

21

allegations in this Paragraph.

22

354.    This allegation constitutes a legal conclusion to which no response is

23

required. To the extent a response is required, Intervenor-Defendant denies the

24

allegations in this Paragraph.

25

355.     This allegation constitutes a legal conclusion to which no response is required. To the extent a response is required, Intervenor-Defendant denies the allegations in this Paragraph.

## PRAYER FOR RELIEF

In response to the paragraph in the prayer for relief in the Plaintiff's Complaint, Intervenor-Defendant responds as follows:

1.     Defendant-Intervenor denies that Plaintiff is entitled to an order and judgment under the First Cause of Action declaring that GCU is a nonprofit institution for purpose of Title IV programs and denies that Plaintiff is entitled to be regulated as a nonprofit institution of higher education.

2.     Defendant-Intervenor denies that Plaintiff is entitled to an order and judgment under the Second Cause of Action declaring that the Department's Decisions are not in accordance with law and are arbitrary and capricious within the meaning of 5 U.S.C. § 706. Intervenor-Defendant denies that Plaintiff is entitled to have the Department's Decisions vacated. Intervenor-Defendant denies that Plaintiff is entitled to the Department to be ordered to hold that GCU is a nonprofit educational institution for all purposes.

3.     Defendant-Intervenor denies that Plaintiff is entitled to an order and judgment vacating the Department's Decisions under the Third Cause of Action.

4.     Defendant-Intervenor denies that Plaintiff is entitled under the Fourth Cause of Action to an order and judgment declaring that the Department's Decisions deny GCU's constitutionally protected right to call itself a nonprofit institution in violation of the First Amendment.

5.     Defendant-Intervenor denies that Plaintiff is entitled to an order vacating the for-profit PPA the Department required GCU to sign in order to participate in Title IV

programs and denies that Plaintiff is entitled to an order requiring the Department to issue GCU a new PPA recognizing GCU as a nonprofit institution of higher education.

6.    Defendant-Intervenor denies that Plaintiff is entitled to attorneys' fees and costs.

7.    Defendant-Intervenor denies that Plaintiff is entitled to any relief.

8.    Defendant-Intervenor denies any and all allegations not specifically admitted herein.

**GENERAL DENIAL**

Defendant-Intervenor denies any and all allegations not specifically admitted herein.

DATED this 22nd day of April, 2021

Respectfully submitted,

/s/ J. Henk Taylor

J. Henk Taylor, A.Z. Bar #016321
RYAN RAPP UNDERWOOD & PACHECO, P.L.C.
3200 N. Central Avenue, Suite 2250
Phoenix, Arizona 85012
Telephone: (602) 280-1000
Fascimile: (602) 265-1495
htaylor@rrulaw.com

Aaron S. Ament, D.C. Bar #1602164
 (*pro hac vice* forthcoming)
Daniel A. Zibel, D.C. Bar #491377
 (*pro hac vice* forthcoming)
Maya H. Weinstein*, N.C. Bar #56621
(*pro hac vice* forthcoming)
NATIONAL STUDENT LEGAL DEFENSE NETWORK
1015 15th Street NW, Suite 600
Washington, D.C. 20005
(202) 734-7495
aaron@defendstudents.org
dan@defendstudents.org
maya@defendstudents.org

1

2

3

4

Brian Galle, N.Y. Bar #419154
  (*pro hac vice* forthcoming)
Georgetown University Law Center
600 New Jersey Avenue NW
Washington, D.C. 20001
(202) 662-4039
brian.galle@georgetown.edu

5

*Attorneys for Proposed Intervenor-Defendant
Student Defense*

6

7

8

* Admitted to practice law only in North
Carolina; Supervised by organizational
principals while D.C. Bar application is
pending.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25