BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University,<br><br>     Plaintiff,<br><br> v.<br><br>Miguel Cardona, in his official capacity<br>as Secretary of Education, *et al.*,<br><br>     Defendants. | Case No. 2:21-cv-177-SRB<br><br>**ANSWER** |

Defendants the United States Department of Education (the "Department") and Miguel Cardona, in his official capacity as Secretary of Education (the "Secretary") (collectively "Defendants"), hereby file an answer to Plaintiff's Complaint, ECF No. 1.  Secretary Cardona is automatically substituted as a defendant in this action by operation of Federal Rule of Civil Procedure 25(d).

Defendants note that this Court's review in this action is limited solely to the administrative record, rather than the allegations in the parties' respective pleadings.  Defendants answer the numbered paragraphs of the Complaint as follows:

The first unnumbered paragraph consists of a characterization of this action, to which no response is required.

1.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

2.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

3.      Admitted that the board of trustees of Grand Canyon University (the "University") formed an entity (the "non-profit buyer") that purchased the university from Grand Canyon Education (the "for-profit seller").  Admitted that the non-profit buyer and/or the university sought recognition from the IRS, the State of Arizona, and an accrediting body.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

4.      Admitted that the IRS approved the non-profit buyer as a 501(c)(3) tax-exempt organization.  Admitted that the accrediting body approved the University's application.  Admitted that, under an agreement between the non-

profit buyer and the for-profit seller, the University would pay a share of its revenue in exchange for various services (the "services agreement").  Defendants respectfully refer the Court to that agreement for a full and accurate statement of its contents.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the last sentence of this paragraph.

5.     Admitted that Defendants denied the University's application to participate in Title IV programs under the Higher Education Act as a non-profit institution of higher education, and have cited the services agreement as a significant factor in that denial.  The second and third sentences of this paragraph consist of legal conclusions to which no response is required.  To the extent that a response is deemed to be required, these sentences are denied.

6.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed to be required, these allegations are denied.

7.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed to be required, these allegations are denied.

8.     Admitted that the IRS has approved the non-profit buyer as a 501(c)(3) tax-exempt organization.  This paragraph otherwise consists of legal

conclusions to which no response is required.  To the extent that a response is deemed to be required, these allegations are denied.

9.      Admitted that Defendants have denied the University's application to participate in Title IV programs under the Higher Education Act as a non-profit institution of higher education, and have cited the services agreement as a significant factor in that denial.  Admitted that Defendants have approved other institutions of higher education that pay a portion of their revenues under a services agreement for participation in Title IV programs as non-profit institutions under the Higher Education Act.  Admitted that the University pays less than 80 percent of its revenue under its services agreement.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the fourth sentence of this paragraph.  This paragraph otherwise consists of legal conclusions to which no response is required.  To the extent that a response is deemed to be required, these allegations are denied.

10.     Admitted that, in letters dated November 6, 2019 and January 12, 2021, Defendants notified the University that they would continue to treat it as a proprietary institution under the Higher Education Act, despite the change in ownership from the for-profit seller to the non-profit buyer.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their

contents, and deny any characterization that is inconsistent with the letters themselves.

11.     Admitted that Defendants treat the University as a proprietary institution under the Higher Education Act.  The second sentence of this paragraph consists of legal conclusions to which no response is required.  Admitted that Defendants have prohibited the University from misrepresenting itself as a non-profit institution of higher education.   The fourth and fifth sentences of this paragraph consist of legal conclusions to which no response is required.  The footnote is admitted.

12.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed to be required, these allegations are denied.

13.     This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed to be required, these allegations are denied.

14.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  Defendants deny that its treatment of the University was disparate or arbitrary.  Defendants deny that their prior practices or any of their regulations restricted them from making the determination to deny the University nonprofit status.

15.     This paragraph consists of requests for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief at all.

16.     Admitted that the for-profit buyer is a 501(c)(3) tax-exempt organization, incorporated as a non-profit corporation under Arizona state law, with its principal place of business at the indicated address.

17.     Admitted that the allegations in this paragraph were accurate at the time the complaint was filed.  Secretary Miguel Cardona is now substituted as a defendant by operation of Federal Rule of Civil Procedure 25(d).

18.     Admitted.

19.     This paragraph consists of legal conclusions to which no response is required.

20.     This paragraph consists of legal conclusions to which no response is required.

21.     The first and fourth sentences of this paragraph consist of legal conclusions to which no response is required.  The second and third sentences of this paragraph are admitted.

22.     Admitted that the University is located in Phoenix, Arizona.  Denied that the University is a nonprofit institution of higher education within the meaning

of the Higher Education Act.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

23.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

24.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

25.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

26.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

27.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

28.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

29.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

30.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

31.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

32.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

33.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

34.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

35.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

36    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

37.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

38.    The fourth sentence of this paragraph is denied.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

39.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph.  Admitted that the for-profit seller and the non-profit buyer agreed to a transaction in which the University campus and other tangible and intangible assests would be sold, and the for-profit buyer would provide services to the University pursuant to a Master

Services Agreement, in exchange for the payment of fees. Defendants respectfully refer the Court to that agreement for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the agreement itself.

40.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

41.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

42.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

43.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

44.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

45.    Admitted that Plaintiff received approvals from the Higher Learning Commission and the Arizona Board for Private Postsecondary Education prior to the closing of the transaction.

46.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

47.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

48.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

49.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

50.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

51.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

52.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

53.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

54.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

55.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

56.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

57.      Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, which include the vague

allegations that a "process is critical" and that Defendants "recognize[]" certain "expertise."

58.     Admitted.

59.     Admitted.

60.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, which include the vague allegation that a certain process is "important."

61.     Admitted.

62.     Admitted that the University included the alleged materials in its pre-acquisition review request.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

63.     Admitted.

64.     Admitted that the University responded promptly to requests for information and made its representatives available for meetings and consultations. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph, which include the vague allegation that the University made "substantial efforts."

65.     Admitted that Defendants did not inform Plaintiff that they "had any potential problems with the Transaction" before denying Plaintiff's application to participate in Title IV programs as a non-profit institution of higher education

under the Higher Education Act.  The allegations in this paragraph are otherwise denied.

66.    Admitted that Plaintiff received approvals from the Higher Learning Commission and the Arizona Board for Private Postsecondary Education and communicated those approvals to Defendants.

67.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

68.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph.  Defendants admit that they sent a supplemental document request in May 2018, and that the University responded promptly.

69.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

70.    Admitted that the for-profit seller and the non-profit buyer completed their transaction on July 1, 2018, and that Plaintiff sent the principal transaction documents to Defendants.  Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the remainder of this paragraph.

71.    Admitted.

72.    Admitted.

73.    Admitted.

74.    Admitted.

75.    Admitted.

76.    Denied.

77.    Denied.

78.    Admitted that Defendants requested further information from the University on September 10, 2018, and received a reply on October 1, 2018. Defendants respectfully refer the Court to those communications for a full and accurate statement of their contents, and deny any characterization that is inconsistent with those communications themselves.

79.    Admitted that the University's October 1, 2018 response included the representations described in this paragraph.  Defendants respectfully refer the Court to that communication for a full and accurate statement of its contents, and deny any characterization that is inconsistent with that communication.

80.    Admitted that the University's October 1, 2018 response included the representations described in this paragraph.  Defendants respectfully refer the Court to that communication for a full and accurate statement of its contents, and deny any characterization that is inconsistent with that communication.

81.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first two sentences of this paragraph.  As to the last sentence, Defendants admit that the owner of the University is organized as

a nonprofit entity under Arizona law and has been given tax-exempt status under Section 501(c)(3) of the Internal Revenue Code by the IRS.

82.     Denied.

83.     Admitted that the University communicated with Defendants over the time period described.

84.     Admitted that the quoted language was included in an email sent from Donna Mangold to Jonathan Glass on December 4, 2018.  Defendants respectfully refer the Court to that email for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the email itself.  The first and second sentences of this paragraph are denied.

85.     Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations that they have never discussed "these issues" with the University.  Admitted that the University often requested meetings with Defendants.

86.     Admitted that, on November 6, 2019, Defendants denied the University's application to participate in Title IV programs as a non-profit institution of higher education under the Higher Education Act.

87.     Admitted that the quoted language appears in the decision letter issued by Defendants on November 6, 2019, which speaks for itself.  Defendants

respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

88.     This paragraph consists of Plaintiff's characterizations of the decision letter issued by Defendants on November 6, 2019, which speaks for itself. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

89.     This paragraph consists of Plaintiff's legal conclusions and characterizations of the decision letter issued by Defendants on November 6, 2019, which speaks for itself.  To the extent that a response is required, these legal conclusions are denied.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

90.     This paragraph consists of Plaintiff's legal conclusions and characterizations of a decision by the Internal Revenue Service.  To the extent that a response is required, these legal conclusions and characterizations are denied.

91.     This paragraph consists of Plaintiff's characterizations of the decision letter issued by Defendants on November 6, 2019, which speaks for itself. Defendants respectfully refer the Court to that letter for a full and accurate

statement of its contents, and deny any characterization that is inconsistent with the letter itself.

92.    This paragraph consists of Plaintiff's legal conclusions and characterizations of the decision letter issued by Defendants on November 6, 2019, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

93.    This paragraph consists of Plaintiff's legal conclusions and characterizations of the decision letter issued by Defendants on November 6, 2019, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

94.    This paragraph consists of Plaintiff's legal conclusions and characterizations of the decision letter issued by Defendants on November 6, 2019, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

95.    This paragraph consists of Plaintiff's legal conclusions regarding Defendants' regulations at 34 C.F.R § 668.25, to which no response is required.

96.     Admitted that the quoted language appears in the decision letter issued by Defendants on November 6, 2019.  The remainder of this paragraph consists of Plaintiff's characterizations of the decision letter, which speaks for itself. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

97.     Denied.

98.     Denied.

99.     Admitted that representatives of the University met with Defendants on December 16, 2019.  Defendants lack sufficient knowledge or information to form a belief about the truth of remaining allegations in this paragraph regarding the University's motivations for the meeting.

100.    Admitted that, in the course of that meeting, Defendants directed the University's attention to the analysis contained in the decision letter issued by Defendants on November 6, 2019.

101.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

102.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

103.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

104.   Admitted that, under the terms of the amended Master Services Agreement, the University would pay no more than 59% of its total revenue or 66.8% of its revenue from tuition and fees to the for-profit seller.  The remainder of this paragraph consists of Plaintiff's characterizations of the amended Master Services Agreement, which speaks for itself.  Defendants respectfully refer the Court to that agreement for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the agreement itself.

105.   This paragraph consists of Plaintiff's characterizations of the amended Master Services Agreement, which speaks for itself.  Defendants respectfully refer the Court to that agreement for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the agreement itself.

106.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

107.   Admitted that the University provided Defendants with a copy of the amended Master Services Agreement on January 8, 2020.  Admitted that Plaintiff again asked Defendants to approve Plaintiff's application to participate in Title IV programs as a non-profit institution of higher education under the Higher Education Act.

108.    Admitted that Defendants sent to the University a letter dated January 17, 2020, in which they requested additional information from the University.  The remainder of this paragraph consists of Plaintiff's characterizations of that letter, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

109.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

110.    Admitted that, on May 6, 2020, the University provided Defendants with an updated transfer pricing study prepared by Deloitte, which was dated April 29, 2020.

111.    Admitted that, on May 12, 2020, the University provided Defendants with reports prepared by BKD, which were dated May 5 and May 12, 2020.

112.    This paragraph consists of Plaintiff's characterizations of the updated transfer pricing study prepared by Deloitte, which speaks for itself.  Defendants respectfully refer the Court to that study for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the study itself.

113.    This paragraph consists of Plaintiff's characterizations of a report prepared by BKD, which speaks for itself.  Defendants respectfully refer the Court

to that report for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the report itself.

114.   This paragraph consists of Plaintiff's characterizations of a report prepared by BKD, which speaks for itself.  Defendants respectfully refer the Court to that report for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the report itself.

115.   This paragraph consists of Plaintiff's characterizations of a report prepared by BKD, which speaks for itself.  Defendants respectfully refer the Court to that report for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the report itself.

116.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

117.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

118.   Admitted that some months passed between the University's submissions in May 2020 and Defendants' letter of January 12, 2021.  Admitted that Defendants did not respond to the University's request for an update sent on July 1, 2020.

119.   Admitted that counsel for the University sent a letter to Defendants dated August 14, 2020, containing substantially the representations described in this paragraph.

120.   Admitted that Defendants responded by letter dated August 28, 2020. Admitted that Defendants informed the University that Defendants would make an independent determination as to the University's eligibility to participate in Title IV programs as a non-profit institution of higher education under the Higher Education Act.  The remainder of this paragraph consists of Plaintiff's characterizations of that letter, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

121.   Admitted that the quoted language appears in Defendants' letter of August 28, 2020.  The remainder of this paragraph consists of Plaintiff's characterizations of that response, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

122.   This paragraph consists of Plaintiff's characterizations of Defendants' letter of August 28, 2020, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

123.   Denied.

124.   Admitted that Defendants' letter of August 28, 2020 indicated that Defendants aimed to reach a final decision by November 15, 2020.

125.   Admitted that Defendants requested additional information from the University by email dated November 12, 2020.  Denied that all of this information confirmed the fairness of the amended Master Services Agreement to the University.

126.   Admitted that Defendants and the University exchanged correspondence over the following weeks.  Denied that "the Department continued to be evasive as to when GCU could expect a decision."

127.   Admitted that Secretary Betsy DeVos resigned her position on January 7, 2021, effective the following day.

128.   Admitted that Defendants issued a letter dated January 12, 2021, in which they affirmed their denial of the University's application to participate in Title IV programs as a non-profit institution of higher education under the Higher Education Act.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

129.   Admitted that the quoted language appeared in Defendants' letter of January 12, 2021.  The remainder of this paragraph consists of Plaintiff's

characterizations of that letter, which speaks for itself.  Defendants respectfully

refer the Court to that letter for a full and accurate statement of its contents, and

deny any characterization that is inconsistent with the letter itself.

130.   Admitted that the quoted language appeared in Defendants' letter of

January 12, 2021.  The remainder of this paragraph consists of Plaintiff's

characterizations of that letter, which speaks for itself.  Defendants respectfully

refer the Court to that letter for a full and accurate statement of its contents, and

deny any characterization that is inconsistent with the letter itself.

131.   This paragraph consists of Plaintiff's characterizations of Defendants'

letter of January 12, 2021, which speaks for itself.  Defendants respectfully refer

the Court to that letter for a full and accurate statement of its contents, and deny

any characterization that is inconsistent with the letter itself.

132.   Defendants lack sufficient knowledge or information to form a belief

about the truth of the allegations in this paragraph.

133.   Denied.

134.   The first sentence of this paragraph consists of Plaintiff's

characterizations of Defendants' letter of January 12, 2021, which speaks for itself.

Defendants respectfully refer the Court to that letter for a full and accurate

statement of its contents, and deny any characterization that is inconsistent with the

letter itself.  The second sentence consists of legal conclusions, to which no response is required.

135.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

136.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

137.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

138.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

139.   Denied.

140.   Denied.

141.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

142.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

143.   Admitted.

144.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

145.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

146.   This paragraph consists of Plaintiff's characterizations of a report prepared by BKD, which speaks for itself.  Defendants respectfully refer the Court to that report for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the report itself.

147.   Admitted that the quoted language appears in Defendants' letter of January 12, 2021, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

148.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves,

and legal conclusions to which no response is required.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

149.   Denied.

150.   Denied.

151.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

152.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

153.   Denied.

154.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

155.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

156.   Admitted that 34 C.F.R. § 600.20(b)(2)(iii) contains the quoted language.  The remainder of this paragraph consists of legal conclusions, to which no response is required.

157.   The first sentence of this paragraph is admitted.  The second and third sentences are denied.

158.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

159.   Denied.

160.   This paragraph consists of Plaintiff's characterizations of a Federal Register publication, which speaks for itself.  To the extent that a response is required, these characterizations are denied.

161.   Admitted that the quoted language appears in the cited Federal Register publication.  The remainder of this paragraph consists of Plaintiff's characterizations of that Federal Register publication, which speaks for itself. Defendants respectfully refer the Court to that Federal Register publication for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the Federal Register publication itself.

162.   This paragraph consists of Plaintiff's characterizations of a Federal Register publication, which speaks for itself.  Defendants respectfully refer the Court to that Federal Register publication for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the Federal Register publication itself.

163.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

164.   Admitted that the quoted language appears in the cited letter authored by Defendants in 1995.  The remainder of this paragraph consists of Plaintiff's characterizations of that letter, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

165.   This paragraph consists of Plaintiff's characterizations of the 1995 letter, which speaks for itself.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

166.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

167.   The second sentence of this paragraph is admitted.  The first sentence consists of Plaintiff's characterizations of an amendment to 34 C.F.R. § 600.2, to which no response is required.  To the extent that a response is required, those characterizations are denied.

168.   Admitted that the quoted language appears in the cited Federal Register publication.  The remainder of this paragraph consists of Plaintiff's characterizations of that Federal Register publication, which speaks for itself. Defendants respectfully refer the Court to that Federal Register publication for a

full and accurate statement of its contents, and deny any characterization that is inconsistent with the Federal Register publication itself.

169.   Admitted that the quoted language appears in the cited Federal Register publication.

170.   Admitted that the quoted language appears in the cited Federal Register publication.  The remainder of this paragraph consists of Plaintiff's legal conclusions and characterizations of that Federal Register publication, which speaks for itself.  To the extent that a response is required, these conclusions are denied.  Defendants respectfully refer the Court to that Federal Register publication for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the Federal Register publication itself.

171.   Denied.

172.   Denied.

173.   Admitted.

174.   Admitted that Defendants proposed to delete paragraph 3 from the definition of nonprofit institution at 34 C.F.R. § 600.2.

175.   Admitted that the quoted language appears in paragraph 3 of the definition of nonprofit institution at 34 C.F.R. § 600.2.  The remainder of this paragraph consists of Plaintiff's characterizations of that definition, which speaks

for itself.  Defendants respectfully refer the Court to the cited regulation for a full and accurate statement of its contents.

176.   Admitted that the quoted language appears in the cited Federal Register publication.

177.   This paragraph consists of Plaintiff's characterizations of a Federal Register publication, which speaks for itself.  Defendants respectfully refer the Court to that Federal Register publication for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the Federal Register publication itself.

178.   Denied.

179.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

180.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

181.   Admitted.

182.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, which include the vague allegation that a requirement is "often referred to" in a particular way.

183.   Admitted.

184.   Admitted.

185.   Admitted.

186.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, the conclusions are denied.

187.   Admitted.

188.   This paragraph consists of Plaintiff's characterization of a letter issued to the Center for Excellence in Higher Education, to which no response is required. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

189.   This paragraph consists of Plaintiff's characterization of a letter issued to the Center for Excellence in Higher Education, to which no response is required. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.  Admitted that the letter indicated that Defendants would make an independent determination of nonprofit status under the regulations at 34 C.F.R. § 600.2.

190.   This paragraph consists of Plaintiff's characterization of a letter issued to the Center for Excellence in Higher Education, to which no response is required. Defendants respectfully refer the Court to that letter for a full and accurate

statement of its contents, and deny any characterization that is inconsistent with the letter itself.

191.   Defendants lack sufficient knowledge or information to form a belief about the truth of the vague allegations in this paragraph.

192.   Admitted that Defendants issued a letter to the Center for Excellence in Higher Education in 2012.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

193.   Admitted that Defendants issued a letter to the Center for Excellence in Higher Education in 2012.  Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

194.   This paragraph consists of Plaintiff's characterization of a letter issued to the Center for Excellence in Higher Education, to which no response is required. Defendants respectfully refer the Court to that letter for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the letter itself.

195.   This paragraph consists of Plaintiff's characterization of a letter issued to the Center for Excellence in Higher Education, to which no response is required. Defendants respectfully refer the Court to that letter for a full and accurate

statement of its contents, and deny any characterization that is inconsistent with the letter itself.

196.   Denied.

197.   The first sentence of this paragraph is admitted.  The second sentence is denied.

198.   Denied.

199.   Denied.

200.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph.  Admitted that Defendants denied the University's application to participate in Title IV programs as a non-profit institution of higher education under the Higher Education Act.

201.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

202.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate

statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

203.   The first sentence of this paragraph consists of Plaintiff's characterizations of a transaction not at issue in this case, to which no response is required.  Admitted that, as part of that transaction, Purdue University formed an Indiana public benefit corporation to purchase a portion of an institution of higher education.

204.   Admitted that this transaction involved a services agreement between the buyer and the seller, the precise terms of which are set forth in the services agreement.

205.   Admitted that, under the terms of that agreement, the buyer would pay the seller the cost of the services plus 12.5 percent of the consolidated revenues.

206.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

207.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate

statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

208.   Admitted that the services agreement described in paragraph 204 involved a 30-year initial term with automatic 5-year renewals.

209.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

210.   The first sentence of this paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.  As to the second sentence, it is admitted that the Master Services Agreement at issue in this case allows the non-profit buyer to terminate the agreement after year seven by paying the for-profit seller a termination fee equal to 50 percent of the aggregate services fees paid or payable for the trailing twelve-month period.

211.   The first sentence of this paragraph consists of Plaintiff's characterizations of a transaction not at issue in this case, to which no response is

required.  Admitted that, as part of that transaction, Purdue Global could terminate a services agreement after six years by paying a termination fee equal to 125 percent of its total revenue earned during the trailing twelve-month period.

212.    This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

213.    This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

214.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, which depend upon vague and undefined terms.

215.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

216.    Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

217.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

218.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

219.   Denied.

220.   Denied.

221.   This paragraph consists of legal conclusions to which no response is required.

222.   Denied.

223.   Denied.

224.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

225.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

226.   This paragraph consists of legal conclusions to which no response is required.

227.   Denied.

228.   This paragraph consists of legal conclusions to which no response is required.

229.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is required, these conclusions are denied.

230.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

231.   Denied.

232.   Denied.

233.   Denied.

234.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

235.   This paragraph consists of legal conclusions to which no response is required.

236.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

237.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

238.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

239.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate

statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

240.   Admitted that Defendants met with representatives of the University after November 6, 2019.  Admitted that, in the course of that meeting, Defendants directed the University's attention to the analysis contained in the decision letter issued by Defendants on November 6, 2019.  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

241.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of August 20, 2020 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

242.   This paragraph consists of legal conclusions to which no response is required.

243.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

244.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

245.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

246.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.  As to the footnote, admitted that the cited statistics are contained in the cited table of the cited report.

247.   The first sentence of this paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.  The second sentence of this paragraph consists of legal conclusions, to which no response is required.  To the extent that a response is deemed necessary, those conclusions are denied.

248.   This paragraph consists of legal conclusions to which no response is required.

249.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

250.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first two sentences of this paragraph.  The third sentence of this paragraph is admitted.

251.   This paragraph consists of legal conclusions to which no response is required.  To the extent that a response is deemed necessary, those conclusions are denied.

252.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. To the extent that a response is required, those characterizations are denied.

253.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

254.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

255.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph.  The second sentence is denied.

256.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

257.   Denied.

258.   Denied.

259.   Admitted that Defendants have approved other institutions who have agreements with for-profit service providers to participate in Title IV programs as non-profit institutions of higher education under the Higher Education Act.

260.   Denied.

261.   Denied.

262.   The first sentence of this paragraph consists of legal conclusions to which no response is required.  The second sentence is denied.

263.   This paragraph consists of legal conclusions to which no response is required.

264.   This paragraph consists of legal conclusions to which no response is required.

265.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegation that Deloitte arrived at its assessment "independently."  The remainder of this paragraph consists of a characterization of Deloitte's report, which speaks for itself.  Defendants respectfully refer the Court to that report for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the report itself.

266.   This paragraph consists of a characterization of BKD's report, which speaks for itself.  Defendants respectfully refer the Court to that report for a full

and accurate statement of its contents, and deny any characterization that is inconsistent with the report itself.

267.   Denied.

268.   Denied.

269.   This first sentence of this paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.  The second sentence consists of legal conclusions to which no response is required.

270.   The first sentence of this paragraph is denied.  The remainder of this paragraph consists of a characterization of a Barclay's report, which speaks for itself.  Defendants respectfully refer the Court to that report for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the report itself.

271.   Denied.

272.   Denied.

273.   Denied.

274.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves.

Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

275.   This paragraph consists of legal conclusions to which no response is required.

276.   This paragraph consists of legal conclusions to which no response is required.

277.   This paragraph consists of legal conclusions to which no response is required.

278.   Denied.

279.   Denied.

280.   Defendants admit that they were aware of Mr. Mueller's dual roles when they determined that the University had submitted a materially complete application within ten days of the date the change-in-ownership transaction was closed.

281.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

282.   Denied.

283.   Denied.

284.   Defendants admit that the University's IRS Form 1023 states that Mr. Mueller "will be employed and compensated by both [the University] and GCE after the Asset Acquisition."  Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in this paragraph.

285.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

286.   Defendants admit that the University's bylaws specifically delegate oversight of the Master Services Agreement to a Master Services Agreement Committee comprised of at least three disinterested Trustees.

287.   Defendants admit that the University has adopted a conflict of interest policy that applies to trustees and principal officers, but deny that by its terms the policy applies to "employees" and "directors."

288.   This paragraph consists of Plaintiff's characterizations of the conflict of interest policy, which speaks for itself.  Defendants respectfully refer the Court to that policy for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the policy itself.

289.   Denied.

290.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

291.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

292.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

293.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

294.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

295.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

296.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

297.   This paragraph primarily consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves.  Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.  This paragraph also contains legal conclusions, to which no response is required.

298.   Denied.

299.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

300.   Denied.

301.   Denied.

302.   Denied.

303.   The first sentence of this paragraph is denied.  It is admitted that the second sentence appears in Defendants' letter of November 6, 2019.

304.   This paragraph consists of legal conclusions to which no response is required.

305.   Admitted that the cited regulation contains the quoted language.  The remainder of this paragraph consists of legal conclusions to which no response is required.

306.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

307.   Denied.

308.   Admitted that the cited statute contains the quoted language.  The remainder of this paragraph consists of legal conclusions to which no response is required.

309.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, which turn on the vague phrase "substantially the same services."

310.   This paragraph consists of Plaintiff's characterization of the terms of the Purdue-Kaplan services agreement, which speaks for itself.  Defendants respectfully refer the Court to that agreement for a full and accurate statement of its contents, and deny any characterization that is inconsistent with the agreement itself.

311.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

312.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph, which turn on the vague phrase "substantially the same services."

313.   Admitted.

314.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

315.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in the first sentence of this paragraph.  Defendants deny that they approved Purdue Global's application to participate in Title IV programs as a nonprofit institution of higher education under the Higher Education Act; rather, it was approved as a public institution.  Defendants admit that they denied the University's application.

316.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

317.   Denied.

318.   Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in this paragraph.

319.   This paragraph consists of Plaintiff's characterizations of Defendants' letters of November 6, 2019 and January 12, 2021, which speak for themselves. Defendants respectfully refer the Court to those letters for a full and accurate statement of their contents, and deny any characterization that is inconsistent with the letters themselves.

320.   Denied.

321.   Denied.

322.   Denied.

323.   Denied.

324.   Denied.

325.   This paragraph consists of legal conclusions to which no response is required.

326.   Denied.

327.   Admitted that only institutions approved by Defendants to participate in Title IV programs as non-profit institutions of higher education under the Higher Education Act may represent themselves as such institutions.  The remainder of this paragraph consists of legal conclusions to which no response is required.

328.   Denied.

329.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set out herein.

330.   Denied.

331.   Denied.

332.   Denied.

333.   The first sentence of this paragraph consists of legal conclusions to which no response is required.  The second sentence is denied.

334.   This paragraph consists of legal conclusions to which no response is required.

335.   Denied.

336.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set out herein.

337.   The first sentence of this paragraph consists of legal conclusions to which no response is required.  The second sentence is denied.

338.   Denied.

339.   The second sentence of this paragraph consists of legal conclusions to which no response is required.  The first sentence is denied, and the lettered subparagraphs are also denied.

340.   Denied.

341.   Denied.

342.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set out herein.

343.   This paragraph consists of legal conclusions to which no response is required.

344.   This paragraph primarily consists of legal conclusions to which no response is required.  Admitted that the cited statute contains the quoted language.

345.   Denied.

346.   Denied.

347.   In this paragraph, Plaintiff repeats the paragraphs set forth above. Defendants incorporate by reference their answers to all of the preceding paragraphs as if fully set out herein.

348.   Denied.

349.   Denied.

350.   Denied.

351.   Denied.

352.   Denied.

353.   Denied.

354.   Denied.

355.   Denied.

The remaining paragraphs in the Complaint contain requests for relief to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief.

THEREFORE, having fully answered, Defendants assert that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice and that Defendants be given such other relief as the Court deems just and proper.  Each and every allegation of the Complaint not heretofore expressly admitted or denied is hereby denied.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ James Bickford*
JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendants*

Date: April 23, 2021