BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Director, Federal Programs Branch

JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University,<br><br>               Plaintiff,<br><br>   v.<br><br>Miguel Cardona, in his official capacity<br>as Secretary of Education, *et al.*,<br><br>             Defendants. | Case No. 2:21-cv-177-SRB<br><br>**MEMORANDUM IN<br>OPPOSITION TO<br>MOTION FOR INTERVENTION** |

1    A nonprofit organization with no claims or defenses of its own seeks to

2   intervene as a party on equal footing with the agency whose actions are challenged

3   here.  Its motion should be denied.  If the organization wishes to provide additional

4   information relevant to this case, the appropriate vehicle would be an amicus brief.

5

**ARGUMENT**

Under Federal Rule of Civil Procedure 24(b), "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact."  But it need not do so: "Even if an applicant satisfies [the] threshold requirements" of Rule 24(b), "the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998); *see Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986) ("Permissive intervention is committed to the broad discretion of the district court.").

Student Defense—which had no involvement with the challenged agency action—would not make any claims, nor defend itself in this case.  *See* Mot. at 11 (admitting that Student Defense "does not raise any claims or questions of law not presented in [this case]").  Instead, the organization seeks to intervene for the purpose of defending decisions made by the Department of Education: it would "align its position with the Department's reasoning," *id.*, and "defend the Department's" decision "by raising common legal defenses to those on which the Department will likely rely," *id.* at 13.

The organization's best case for permissive intervention in these circumstances is *Kootenai Tribe of Idaho v. Veneman*, which held that "permissive intervention under Rule 24(b) . . . sustains the ability of intervenors to proceed before

1    the district court . . . to give 'defense' of the government's rulemaking."  313 F.3d

2    1094, 1108 (9th Cir. 2002), abrogated on other grounds by *Wilderness Soc'y v. U.S.*

3    *Forest Serv.*, 630 F.3d 1173, 1180 (9th Cir. 2011).  But in that case, "the government

4    defendants made it clear that they did not intend to fully defend the challenged

5    regulations." *Olympic Forest Coal. v. U.S. Forest Serv.*, 2007 WL 3374996, at *2

6    (W.D. Wash. Nov. 9, 2007) (discussing *Kootenai*).  And "[t]he court concluded that

7    intervention under Rule 24(b) was proper because 'the government declined to

8    defend fully from the outset . . . .'"  *North Dakota v. Heydinger*, 288 F.R.D. 423,

9    431 (D. Minn. 2012) (quoting *Kootenai*, 313 F.3d at 1111).  "Under those

10   circumstances, it was 'clear . . . that the presence of intervenors would assist the

11   court in its orderly procedures leading to the resolution of this case . . . .'"  *Id.*

12   (quoting *Kootenai*, 313 F.3d at 1111; first alteration in original)).

13        The Department of Education fully intends to defend the decision challenged

14   by Grand Canyon University here.  It recently filed an answer to the 64-page

15   complaint, ECF No. 21, and (in parallel litigation) successfully defended against

16   Grand Canyon's motion for a temporary restraining order.  *Grand Canyon Univ. v.*

17   *Cardona*, 2021 WL 1383165 (D. Ariz. Apr. 13, 2021).  Where the government will

18   fully defend its own actions, and the proposed intervenor does not present any novel

19   claims or defenses, then permissive intervention is properly denied.  *North Dakota*,

20   288 F.R.D. at 431 ("Defendants have fully defended against Plaintiffs' claims,

3

asserting precisely the same defenses Movants wish to proffer.  Movants' presence here would not allow for the representation of undefended interests as the intervention in *Kootenai Tribe of Idaho* did."); *Olympic Forest Coal.*, 2007 WL 3374996, at *2 ("In the case at bar the government defendants have made every indication that they intend to fully defend the legality of the [challenged action], and proposed Defendant-Intervenors have not provided evidence that their intervention would assist the Court in resolving the case at bar."); *People ex rel. Lockyer v. USDA*, 2006 WL 889327 at *4 (N.D. Cal. Mar. 31, 2006) (denying permissive intervention at the liability stage where "[t]he Proposed Intervenors do not raise any unique defenses; in fact, the defenses are virtually identical to those raised by the Federal Defendants" and "the main question for the Court . . . will be whether Defendants complied with [a statute], a question to which the Proposed Intervenors would have little to contribute since they were not the decision-makers").  *See Kane County, Utah v. United States*, 597 F.3d 1129, 1136 (10th Cir. 2010) (affirming denial of permissive intervention, and explaining that although "Rule 24(b) does not require a permissive intervenor to assert a separate or additional claim or defense, nothing in the Rule . . . prohibits a district court, in exercising its discretion under Rule 24, from taking that fact into consideration.").

Nowhere in its motion does Student Defense suggest that the Department has shown any reluctance to fully defend its actions in this case.  Instead, it argues that

1    the Department's defense so far has been "premised on issues of technical

2    noncompliance with a complicated regulatory regime" and not on the implications

3    that the case will have for students. Mot. at 14.  As an example, it points to recently

4    established Higher Education Emergency Relief Funds, which distinguish between

5    proprietary institutions and all other institutions of higher education.[1]  Mot. at 15–

6    16.  Student Defense implausibly suggests that it is better positioned to discuss the

7    practical impacts that this litigation could have on the distribution of those Funds,

8    which are managed *by the Department of Education*.  In any event, the Department

9    recently prevailed at the TRO stage in parallel litigation where Grand Canyon

10    University sought access to portions of those Funds not available to proprietary

11    institutions, demonstrating the adequacy of the Department's representation of the

12    very interests that Student Defense seeks to protect.  *See Grand Canyon Univ. v.*

13    *Cardona*, 2021 WL 1383165 (D. Ariz. Apr. 13, 2021).

14        Of course, if Student Defense wishes to bring some relevant considerations

15    about students' interests to the Court's attention, it can do so by filing an amicus

16    brief.  It need not be a party to the case to share its views with the Court.  Moreover,

17    to permit advocacy groups to freely intervene whenever they support or oppose

---

[1] *See* Coronavirus Response and Relief Supplemental Appropriations Act, Pub. L. No. 116-260, div. M, tit. III, § 314(a)(1) & (4); American Rescue Plan Act, Pub. L. No. 117-2, § 2003.

1   challenges to government action would greatly complicate and confuse such

2   litigation, and thereby "prejudice the adjudication of the original parties' rights."

3   Fed. R. Civ. P. 24(b)(3).

4        Student Defense's motion for permissive intervention should be denied with

5   leave to participate as amicus curiae.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney General

                                        MARCIA BERMAN
                                        Assistant Director, Federal Programs Branch

                                        */s/ James Bickford*
                                        JAMES BICKFORD
                                        Trial Attorney (N.Y. Bar No. 5163498)
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        1100 L Street, NW
                                        Washington, DC 20530
                                        James.Bickford@usdoj.gov
                                        Telephone: (202) 305-7632
                                        Facsimile: (202) 616-8470

                                        *Counsel for Defendants*

Date: May 6, 2021