**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University, | No. CV-21-00177-PHX-SRB |
| Plaintiff, | **ORDER** |
| v. | |
| Phil Rosenfelt, et al., | |
| Defendants. | |

This is a case brought by Grand Canyon University ("GCU") against the Secretary of the Department of Education ("Department") challenging the Department's determination that GCU does not qualify for nonprofit status under Title IV of the Higher Education Act of 1965, 20 U.S.C. § 1001 *et seq*., ("Title IV"). (*See* Doc. 1, Compl.) Pending before the Court is the National Student Legal Defense Network ("Student Defense")'s Motion to Intervene as Defendant ("Motion"). (Doc. 19, ("Mot.").)

**I.   BACKGROUND**

In 2018, GCU applied to the Department seeking to change its status from a "proprietary institution" to a "nonprofit institution"[1] for Title IV funding purposes ("Application"). (Compl. ¶¶ 8–11, 73, 156.) The Application followed a sale of GCU's campus and academic-related assets (the "Transaction") from for-profit owner/seller Grand Canyon Education ("GCE") to nonprofit buyer Gazelle University.[2] (*Id.* ¶¶ 39–45.) The

---

[1] The Higher Education Act classifies institutions of higher education into three categories: (1) "public or other nonprofit institution[s]"; (2) "proprietary institution[s]"; and (3) "postsecondary vocational institution[s]." 20 U.S.C. §§ 1001(a)(4), 1002(b), 1002(c).
[2] Gazelle University is an Arizona tax-exempt organization which later changed its name

Department denied the Application after concluding that GCU's operations were not, as required to be designated nonprofit, "substantially for the benefit of any other person or entity." (*Id.* ¶¶ 86, 90–94, 129.) The Department based its denial on (1) a services agreement accompanying the Transaction, which allegedly funnels a substantial portion of GCU's net earnings to GCE; and (2) the significant overlap of management between GCE and GCU. (*Id.* ¶¶ 5, 92–93.)

In a letter dated January 12, 2021, the Department affirmed its decision. (*Id.* ¶ 128.) On February 2, 2021, GCU filed its Complaint in this Court alleging two violations of the Administrative Procedure Act ("APA") and one violation of the First Amendment. (*Id.* ¶¶ 329–55.) GCU seeks declaratory relief, an order vacating the Department's decisions, and attorneys' fees and costs. (*Id.* ¶ 355.)

Student Defense[3] now seeks to intervene as a Defendant and filed its Motion so on April 22, 2021. (Mot.) On May 6, 2021, both GCU and the Department filed Oppositions. (Doc. 24, Dep't.'s Mem. in Opp'n to Mot. ("Dep't.'s Opp'n"); Doc. 25, Pl.'s Opp'n to Mot. ("GCU's Opp'n").) On May 13, 2021, Student Defense filed its Reply. (Doc. 27, Reply in Supp't of Mot. ("Reply").)

## II.   LEGAL STANDARD & ANALYSIS

Federal Rule of Civil Procedure 24 recognizes two types of intervention: (1) intervention of right and (2) permissive intervention. *Fed. Trade Comm'n v. Noland*, No. 20-CV-00047-PHX-DWL, 2021 WL 1237206, at *3 (D. Ariz. Apr. 2, 2021) (quoting 1 Gensler, Federal Rules of Civil Procedure, Rules & Commentary, Rule 24, at 716 (2021)). Student Defense seeks only permissive intervention. (Mot.) Courts may permit intervention where the applicant shows: "(1) independent grounds for jurisdiction; (2) [that] the motion is timely; and (3) [that] the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *United States v. City of*

---

to GCU. (Compl. ¶ 39.)
[3] Student Defense describes itself as "a nonprofit, non-partisan organization, recognized as tax exempt under [§] 501(c)(3) of the Internal Revenue Code that works to advance students' rights to educational opportunity and to ensure that higher education provides a launching point for economic mobility." (Mot. at 14.)

*Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002) (citation omitted); Fed. R. Civ. P. 24(b)(1)(B). "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention." *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). This discretion is "broad." *Perry v. Schwarzenegger*, 630 F.3d 898, 905 (9th Cir. 2011). In exercising this discretion, the district court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Where an applicant "would present no new questions to the [C]ourt, a motion for permissive intervention is properly denied." *Hallco Mfg. Co. v. Quaeck*, 161 F.R.D. 98, 103 (D. Or. 1995).

Student Defense argues that it has satisfied all three threshold requirements and that its addition as a party would not cause undue delay or prejudice. (Mot. at 16–22.) The Department argues that permitting Student Defense's intervention would prejudice the adjudication of its own rights. (Dep't.'s Opp'n at 6.) GCU argues that Student Defense has failed to show the third threshold requirement and that permitting Student Defense's intervention would unduly delay or prejudice the adjudication of its rights. (GCU's Opp'n at 8–17.)

The Court assumes that Student Defense has satisfied all three threshold factors but nevertheless declines to exercise its discretion to permit Student Defense to intervene. Student Defense's stated interest in this case reflects the broad, sweeping interest of students writ large: it is interested in the "real-world impacts" this litigation "may" have on students "if GCU modifies the [T]ransaction" based on this litigation. (Mot. at 19; *id.* at 16 (describing itself as "a voice for students").) If the Court finds in favor of GCU, Student Defense adds, "students would be at risk of GCU spending emergency grants to prioritize GCE shareholders, not students." (*Id.* at 21.) Consistent with this nonspecific interest, Student Defense would itself bring no additional claims or defenses; it would simply "align its position with the Department's" in an attempt to bolster the Department's arguments with its own. (*Id.* at 16, 22.) The Department, however, opposes this help: it has assured the Court that it "fully intends to defend the decision challenged by [GCU]

here," pointing to the Answer it recently filed to GCU's 64-page Complaint and to its successful defense of GCU's request for a TRO in parallel litigation proceedings before Judge Rayes. (Dep't.'s Opp'n at 3); *see GCU v. Cardona*, 2021 WL 1383165 (D. Ariz. Apr. 13, 2021). Student Defense has pointed to nothing indicating that the Department will put forth a less-than-full effort to litigate this case. (*See* Mot.; Reply.) Additionally, by defending its own position in this case, the Department is effectively protecting the interests of those students who stand to be adversely affected by a nonprofit designation— the class of students that Student Defense seeks to protect.

Other courts have denied intervention at the liability stage of proceedings when doing so would not "assist the court in its orderly procedures leading to the resolution of this case." *People ex rel Lockyer v. U.S. Dep't of Agric.*, No. C05-03508EDL, 2006 WL 889327, at *4 (N.D. Cal. Mar. 31, 2006) (quotation omitted). Here, as in *People ex rel Lockyer*, Student Defense would not raise any "unique" defenses—only defenses "virtually identical" to those raised by the named Defendant. *Id.* Permitting it to intervene would thus do little to assist the Court in fairly resolving this case, while adding additional time and cost to the litigation. *Stadin v. Union Elec. Co.*, 309 F.2d 912, 920 (8th Cir. 1962) ("More than one trial court has observed that '[a]dditional parties always take additional time' and that 'they are the source of additional questions, objections, briefs, arguments, motions and the like which tend to make the proceeding a Donnybrook Fair.'" (collecting cases)).

Given the lack of a distinct interest in this case, the lack of evidence that the Department will not fully litigate this case, and the lack of any unique claims or defenses, the Court finds that Student Defense's intervention would do little in the way of "offer[ing] important elements to the proceedings that the existing parties would likely neglect." *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 823 (9th Cir. 2001); *see Callahan v. Brookdale Senior Living Cmtys., Inc.*, No. 2:18-CV-10726-VAP-SSX, 2020 WL 4904653, at *5 (C.D. Cal. May 20, 2020) (denying motion to intervene because "permitting

intervention would not contribute to the factual development of issues in the case[]").[4]

The Court will permit Student Defense to file leave requesting to participate in the briefing in this case as *amicus curiae*.

### III.   CONCLUSION

**IT IS ORDERED** denying Motion of National Student Legal Defense Network to Intervene as Defendant (Doc. 19).

Dated this 17th day of June, 2021.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge

---

[4] Given this finding, the Court does not reach GCU's additional arguments and expresses no opinion on their merits. (*See* GCU's Opp'n at 11–17.)