# Exhibit A-2



**U.S. Department of Justice**

Civil Division

*Washington, DC 20530*

August 16, 2021

Steven M. Gombos
Gombos Leyton PC
11350 Random Hills Road
Suite 400
Fairfax, VA 22030

      **Re: *Grand Canyon University v. Cardona*, No. 2:21-cv-177 (D. Ariz.)**

Dear Mr. Gombos,

I write in response to your August 4 letter based on your initial review of the administrative record, and your subsequent emails.

As an initial matter, the Department of Education is entitled to a presumption that the record it certified in this case was properly designated. *Save the Colorado v. U.S. Dep't of Interior*, 2021 WL 390497, at *2 (D. Ariz. Feb. 4, 2021); *accord Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021) ("We must . . . presume that an agency properly designated the Administrative Record absent clear evidence to the contrary." (quotation omitted)). If you were to file a motion to supplement the record, it would be your burden to show by clear evidence that:

> "(1) supplementation is necessary to determine if the agency has considered all factors and explained its decision;
> (2) the agency relied on documents not in the record;
> (3) supplementation is needed to explain technical terms or complex subjects; or
> (4) . . . bad faith on the part of the agency."

*Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

I did not see any evidence of these issues in your letter. You say that you expected to see in the record "discussions about the Department's change in policy with respect to its assessment of nonprofit conversions, correspondence with Congressional staff and outside third parties regarding the same, and information about similar transactions reviewed and approved by the Department." But it is not at all clear why discussions about policy changes or other transactions, to the extent that they exist, would be information that was considered by the decisionmakers in deciding Grand Canyon University's change-in-ownership application. *Save the Colorado*, 2021 WL 390497, at *2 ("The whole administrative record 'consists of all documents and materials directly or indirectly considered by the agency decision-makers . . . .'" (quoting *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989)). Beyond that, you hypothesize about "a Department employee with approval authority or input as to the decision sa[ying] in email that he or she would not recognize GCU as a nonprofit under any

circumstances," but you provide no reason to believe that such an email actually exists. To the extent that you are asking the Department to prove the absence of bad faith, rather that offering evidence of it yourself, that would reverse the applicable burden between the parties.

You also asked whether the Department would produce a privilege log of internal emails and other deliberative materials. As you may know, "[t]he Ninth Circuit has not squarely resolved whether deliberative documents must be part of the administrative record." *Save the Colorado*, 2021 WL 390497, at *3. In the D.C. Circuit, however, the law is clear:

> [O]n arbitrary and capricious review, absent a showing of bad faith or improper behavior, "[a]gency deliberations not part of the record are deemed immaterial." *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279–80 (D.C. Cir. 1998)). A privilege log is required only when "a party withholds information otherwise discoverable by claiming that the information is privileged," Fed. R. Civ. P. 26(b)(5), and since predecisional documents are irrelevant and therefore not "otherwise discoverable," they are not required to be placed on a privilege log.
>
> The fact that the agency could also assert the deliberative process privilege over such predecisional documents does not change the analysis. Rather than submitting a privilege log, on APA review, the agency must submit "[p]roper certification" that the record is complete, which serves as "formal representation by the [agency]" that it duly evaluated all predecisional documents before excluding them from the record. *Norris & Hirshberg v. Securities and Exchange Commission*, 163 F.2d 689, 694 (D.C. Cir. 1947). The federal rules do not require parties to provide logs of all documents that were not produced because they were deemed immaterial or irrelevant.

*Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (all but first alteration in original).

The Department believes that the D.C. Circuit has the proper view of this issue, as several district courts within the Ninth Circuit have held. *See Save the Colorado*, 2021 WL 390497, at *3 (collecting cases). As we have previously discussed, the Department therefore will not agree to provide a privilege log in this case, because it is not withholding any record material under claim of privilege—although there is little doubt that many (if not all) of the agency's internal emails would also be privileged.

I am happy to speak about these matters or any other issues in this case at your convenience.

Sincerely,

/s/ James Bickford