# Exhibit A-4



Steven M. Gombos

703-934-9831 Direct
sgombos@glpclaw.com

# GOMBOS | LEYTON PC
## ATTORNEYS

11350 Random Hills Road | Suite 400 | Fairfax, Virginia 22030
703.934.2660 Main | 703.934.9840 Fax | www.glpclaw.com

September 9, 2021

**By email only**

James Bickford
Trial Attorney, Federal Programs Branch
Civil Division, U.S. Department of Education
1100 L Street NW
Washington, DC 20530

    **Re:**    *Grand Canyon University v. Cardona* – follow-up on September 3, 2021 call

James:

This letter follows our exchange of letters and meet and confer conference on September 3. Although I know you are working with your client to provide a written response by September 20 to the issues we have raised, we are beginning work on our motion, due September 27, and wanted to follow up on our recent call. In addition, we have significant discovery obligations and dispositive motions in a separate federal case due this month, particularly the last two weeks of September. We previously requested and you agreed to a reasonable extension of the current September 27 deadline to file our motion following our receipt of your letter by September 20. We will follow up by email on the extension request by email after we receive your response.

Fully aware that your response letter may identify additional issues or alter those we discussed, this letter reflects my understanding of the government's position on the issues we discussed during our call on September 3.

**1. The government's view is that the administrative record does not include internal emails or other communications.** Because the administrative record does not include those documents, in the government's view, it is unnecessary to file a privilege log identifying emails withheld from production.

It is my understanding that the government has not assessed the scope of the internal emails and thus cannot estimate how much time it would need to prepare a privilege log if ordered to do so by the court. I also understand that, at least when we spoke, you had not reviewed any internal email, with the exception of the emails we provided on August 27.

James Bickford, Trial Attorney
September 9, 2021
Page 2

I can appreciate your client's wish to avoid the time and effort of preparing a privilege log until ordered to do so, but given the ongoing harm to our client, we will be asking the court to order a privilege log within 14 days.

**2. You need to discuss with your client the discrete items identified in section 2.1 of our letter dated August 27, but it is likely that those documents were inadvertently excluded.** To the extent possible, if you can let us know before September 20 that the Department agrees the documents should be included in the record, we would greatly appreciate it.

I would also like to bring an additional document to your attention. Our client provided to the Department a spreadsheet with information about higher education service agreements similar to the MSA between Grand Canyon Education and Grand Canyon University. Although that spreadsheet is included in the record (see AR-C-1775), the spreadsheet includes links to many agreements that are not in the administrative record.

Because they are live links and can be accessed by the Department, I am not attaching them here. We think the record includes the linked agreements and believe it is necessary that they are physically included in the record, even if the court can access the agreements through the embedded links. Please confer with your client about those documents as well. My apologies for overlooking those agreements in my prior letter.

**3. The Department does not acknowledge changing its policy regarding nonprofit conversion in or around August 2016.** Because the agency does not acknowledge having changed its policy, it will not produce any internal memos, directives, or guidance about its nonprofit conversion policy, to the extent they exist. I do not recall whether you agreed to go back to your client on this issue, but we ask that you do so. The Department's prior statements, in federal registers, in response to congressional inquiries, in prior litigation on this same issue, contradict the Department's current position. *See, e.g., CEHE v. U.S. Dept. of Ed.*, 21-cv-00177 (D. Utah), ECF No. 61 at 13; ECF No. 70 at 8. If the Department is now taking the position that it is made no change in policy regarding nonprofit conversion, then I think there is an obvious factual issue that makes our prior discussion of cross-motions for summary judgment obsolete, as discovery would be necessary.

**4. The Department's view is that, while the APA requires consistent application of agency policy, that does not make other transactions or internal guidance about nonprofit conversion record materials.** If I understood you correctly, you will confer with the Department about the specific documents our client provided to the Department about other transactions as well as any documents about the Kaplan-Purdue deal the Department consulted, given the agency's acknowledgement that GCU closely followed the Kaplan-Purdue



James Bickford, Trial Attorney
September 9, 2021
Page 3

service arrangement, but otherwise the Department will neither look for nor include in the record information about other transactions.

**5. You will be conferring with the Department about prior congressional and third-party correspondence.** It was your view, as I understood it, that any correspondence could or could not be included here. So you agreed to look over the correspondence we provided and discuss them with your client, though neither you nor the Department would go further in your review of prior congressional or third-party correspondence.

**6. I understand the Department disagrees with our claim it acted in bad faith.** Specifically, the Department takes the position that it made its decision to deny GCU nonprofit status on Nov. 6, 2019, the date it issued its decision letter to GCU. I do not recall any specific response from you or the Department about the Robin Minor email we provided—dated June 22, 2018—except the candid acknowledge that you were unfamiliar with Robin Minor. I understand you will be discussing that email as well as the others we provided with the Department and will provide perhaps a more nuanced position in your response letter. We asked on the call whether the Department viewed Robin's email as properly excluded from the record, and I understand that you implicitly took the position it was not part of the record.

**7. Finally, my notes indicate you will confer with the Department about the specific documents we included in section 2.4 of our letter, but the Department will not undertake any additional search or review for working group, outside contractor, or IRS communications.** In other words, you agreed to consider the specific exemplar documents we provided but no more.

Unrelated to those substantive issues, I also wanted to follow up about filing the administrative record with the court. It is our preference to file the entire administrative record with the court. We intend to identify information we wish to file publicly only in redacted form and follow up with you. But given the impending deadline for our motion, we think it may be necessary to file the entirety of the administrative record under seal in the short term. Please let us know your thoughts as soon as possible.

We look forward to the Department's response to the substantive issues identified above and in our prior letter. To the extent you can provide the Department's position (even if in piecemeal fashion) before September 20, we would appreciate it.



James Bickford, Trial Attorney
September 9, 2021
Page 4


Please feel free to reach out to us if a call would be helpful.

Respectfully,

Steven Gombos

