Kevin E. O'Malley (006420)
Hannah H. Porter (029842)
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: 602.530.8000
Facsimile: 602.530.8500
Email: kevin.omalley@gknet.com
Email: hannah.porter@gknet.com

Steven M. Gombos (*pro hac vice*)
Virginia State Bar No. 30788
David A. Obuchowicz (*pro hac vice*)
Virginia State Bar No. 82483
Gombos Leyton, PC
11350 Random Hills Road #400
Fairfax, Virginia 22030
Telephone: 703.934.2660
Facsimile: 703.934.9840
Email: sgombos@glpclaw.com
Email: dobuchowicz@glpclaw.com
*Attorneys for Plaintiff*

## United States District Court
### District of Arizona

| | |
|---|---|
| Grand Canyon University, | No. CV-21-00177-PHX-SRB |
| Plaintiff, | **Declaration of Will Gonzalez in Support of Plaintiff's Motion to Complete the Administrative Record and Take Limited Discovery** |
| v. | |
| Miguel Cardona, in his official capacity as Secretary of Education, *et al.* | |
| Defendants. | |

I, Will Gonzalez, Chairman of the Board of Grand Canyon University, hereby declare as follows:

1. I am over eighteen years of age and reside in Arizona.

2. This declaration is offered in support of GCU's Motion to Complete the Administrative Record and Take Limited Discovery (ECF No. 38).

1

3. I have direct personal knowledge of the facts presented in this declaration based on my participation in, involvement with, or awareness of the related events and occurrences, or I have conducted sufficient inquiry to determine the balance of the facts presented in this declaration. If called as a witness, I could competently testify to these facts.

4. I am the Chairman of Grand Canyon University's Board of Trustees (Board). I previously served as the Board Chairman when GCU was owned and operated by Grand Canyon Education, Inc (GCE).

5. In addition to serving as Chairman of GCU's Board of Trustees, I serve on the Board of Directors of the Grand Canyon University Foundation, an Arizona nonprofit foundation that owns Grand Canyon University.

6. As Chairman of GCU's Board of Trustees, I was personally involved in the Board's decision to return the university to its historical nonprofit status and the process of actually converting the university to nonprofit status.

7. Among many other things, I served as a Trustee for Gazelle University, an Arizona nonprofit entity incorporated by the Board of Trustees to affect the purchase of the university from GCE. On July 1, 2018, Gazelle University purchased the university's educational assets, name and trademarks, and Phoenix campus. After the transaction, Gazelle University changed its name to Grand Canyon University.

8. In addition, I signed the July 1, 2018 transaction documents on Gazelle University's behalf —i.e., the Asset Purchase Agreement, Credit Agreement, Facilities Use Agreement, and Master Services Agreement—completing the purchase of Grand Canyon University from its former owner Grand Canyon Education, Inc.

9. In structuring the purchase of the university, the Board relied on legal and financial experts. The Board also considered publicly available service agreements when negotiating and drafting the Master Services Agreement between GCU and GCE. GCU

and GCE also worked directly with the Internal Revenue Service, the State of Arizona, and the Higher Learning Commission to ensure that the transaction complied with all nonprofit requirements and accomplished the Board's objective of returning the university to its historical nonprofit status.

10. The Board also sought feedback about the planned transaction from the Department of Education and specifically submitted an application requesting the Department's preacquisition review of the transaction on January 18, 2018.

11. Despite seeking preacquisition review, the Board received no directional guidance from the Department. My understanding is that counsel for GCU repeatedly reached out to the Department inquiring about the status of its preacquisition review. In the days leading up to the July 1, 2018 transaction, Department officials represented that the agency had not completed its review and could not provide an estimate when its preacquisition review letter would be issued.

12. With no indication when or if the Department would complete its review and confident the Department would recognize GCU as a nonprofit institution based on its past treatment of other institutions, the Board chose to go forward with the transaction as scheduled. In doing so, the Board considered the significant costs already incurred, the additional costs that would be incurred if the transaction were further delayed, and the monumental efforts already undertaken. In addition, if the Board had delayed the July 1, 2018 transaction date, the university would not have consummated the change of control within the 30-day period established by its accreditor, the Higher Learning Commission, and may have had to reapply for HLC's approval of the transaction.

13. Nearly sixteen months later, on November 6, 2019, when the Department issued GCU its decision approving the university's change in ownership but refusing to recognize it as a nonprofit institution, it came as a shock to the Board. The Department

expressed no concerns with the transaction, despite receiving the transaction documents during the preacquisition review process.

14. In the course of preparing this declaration, counsel for GCU shared with me Exhibit B1 to Plaintiff's Motion for Discovery. I understand Exhibit B1, an email dated June 22, 2018, was produced by the Department in response to a FOIA request for documents related to the Department's decision to deny GCU nonprofit status.

15. The email reads, in pertinent part: "The team, along with OGC have completed the analysis of the GCU CIO that includes the conversion from for profit to nonprofit. They have concluded that for title IV purposes GCU would still be considered a for profit institution after the CIO."

16. From the Board's perspective, the only reason for the transaction was to return the university to its nonprofit status. Had the Board known that the Department decided to deny GCU nonprofit status before the transaction occurred, the Board would have conferred with counsel and met to discuss that fact, and I believe it would not have gone forward with the transaction on July 1, 2018. At the very least, I believe the Board would have postponed the transaction date to address any issues related to the Department recognizing GCU as a nonprofit entity.

17. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this October 18, 2021.

_____
Will Gonzalez, Chairman of the Board of Grand Canyon University

## Certificate of Service

I certify that on October 18, 2021, I electronically filed this Declaration of Will Gonzalez using the Court's CM/ECF system, which will provide notice to all counsel.

/s/ David A. Obuchowicz