# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Grand Canyon University,

    Plaintiff,

v.

Miguel Cardona, in his official capacity as Secretary of Education, *et al.*,

    Defendants.

Case No. 2:21-cv-177-SRB

## DECLARATION OF MICHAEL J. FROLA

I, Michael J. Frola, hereby declare under the penalty of perjury as follows:

1. I am over the age of 18 and competent to testify to matters herein. I am employed by the United States Department of Education ("Department") as the Director of the Department's Multi-Regional and Foreign Schools Participation Division ("MRFSPD"). I have been in my current role since 2012. I have worked for the Department since 2004.

2. I certify that I am duly authorized, am qualified, and have been given authority by the Department to make the statements contained in this Declaration. The statements contained herein are based on my personal knowledge as an employee of the Department, my supervisory responsibilities, and information provided to me in my official capacity.

3. My duties as the Director of the MRFSPD include overseeing the review of applications for changes in ownership resulting in changes of control

("CIO") at Institutions of Higher Education assigned to the MRFSPD that participate in the Title IV programs. This includes working with my staff to provide a pre-acquisition review to institutions, owners, and potential buyers who provide detailed information about a planned CIO to determine whether any issues might be present that would impact the approval of the CIO.

4. I have reviewed the email correspondence between Robin Minor and Kathleen Smith, from June 22, 2018 to June 24, 2018, that is attached as Exhibit B-1 to Grand Canyon University's motion to supplement the administrative record and take discovery.

5. At the time of that email, Robin Minor was Chief Compliance Officer in the Department's office of Federal Student Aid ("FSA"). Kathleen Smith was Deputy Chief Operating Officer at FSA.

6. Ms. Minor and Ms. Smith have both left the Department.

7. As the email indicates, by June 22, 2018, FSA staff and lawyers from the Department's Office of General Counsel had engaged in a substantial review and analysis of Grand Canyon University's request for preacquisition review of its contemplated change in ownership, and were prepared to brief FSA leadership on the matter. As the email also indicates, that analysis was still under discussion and subject to review by FSA leadership.

8. Although formal authority to respond to a request for preacquisition review is vested in certain Department officials, in practice such authorities are

("CIO") at Institutions of Higher Education assigned to the MRFSPD that participate in the Title IV programs. This includes working with my staff to provide a pre-acquisition review to institutions, owners, and potential buyers who provide detailed information about a planned CIO to determine whether any issues might be present that would impact the approval of the CIO.

4. I have reviewed the email correspondence between Robin Minor and Kathleen Smith, from June 22, 2018 to June 24, 2018, that is attached as Exhibit B-1 to Grand Canyon University's motion to supplement the administrative record and take discovery.

5. At the time of that email, Robin Minor was Chief Compliance Officer in the Department's office of Federal Student Aid ("FSA"). Kathleen Smith was Deputy Chief Operating Officer at FSA.

6. Ms. Minor and Ms. Smith have both left the Department.

7. As the email indicates, by June 22, 2018, FSA staff and lawyers from the Department's Office of General Counsel had engaged in a substantial review and analysis of Grand Canyon University's request for preacquisition review of its contemplated change in ownership, and were prepared to brief FSA leadership on the matter. As the email also indicates, that analysis was still under discussion and subject to review by FSA leadership.

8. Although formal authority to respond to a request for preacquisition review is vested in certain Department officials, in practice such authorities are

1 | exercised in consultation with the leadership of FSA.

2 |   9. Before the completion of a letter in response to a request for preacquisition review, the Department will sometimes provide an institution with an oral indication of what the letter is likely to say. But the Department would not provide even such an oral indication while the staff analysis was still under internal review.

  10. When Grand Canyon University's request for preacquisition review was under consideration, the publicly available FSA Handbook informed interested parties that "[t]he purpose of [a preacquisistion] review is to determine whether the school has answered all the questions completely and accurately." U.S. Department of Education, 2017–2018 Federal Student Aid Handbook ("2017–2018 Handbook"), vol. 2, ch. 5, at 2-121 (June 15, 2017), *available at* https://fsapartners.ed.gov/sites/default/files/2021-02/Chapter%205%20%20Updating%20Application%20Information.pdf. The handbook explained that "the school will not be given a decision whether or not its application would be approved as a result of this preacquisition review." *Id.*

  11. In practice, however, FSA's preacquisition reviews often provided schools with detailed guidance about issues that would be likely to arise in approving their change of status, or participation in Title IV programs. FSA understood that Grand Canyon University was interested in such a review, and was working to respond to its request.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 15, 2021.

*Michael J. Frola*

Michael J. Frola