

August 28, 2020                                                                  By Electronic Mail:
sgombos@glpclaw.com

Mr. Steven M. Gombos
Counsel for Grand Canyon University
11350 Random Hills Road
Suite 400
Fairfax, VA  22030


RE:  Grand Canyon University, OPE ID 00107400

Dear Mr. Gombos:

Thank you for your correspondence dated August 14, 2020 to Secretary of Education Betsy DeVos regarding Grand Canyon University ("GCU").  Your letter was forwarded to the U.S. Department of Education's ("Department's") Federal Student Aid ("FSA") office for review and response.

Your letter requests "that the Department join the Internal Revenue Service, the State of Arizona, and the Higher Learning Commission, in recognizing the University's nonprofit status." In addition, you have asked the Department "to formally respond to [GCU's] letter to Mr. Frola no later than August 28, 2020."

FSA has oversight of institutions that participate in the federal student aid programs authorized pursuant to Title IV of the Higher Education Act of 1965, (HEA), as amended and specifically institutions' adherence to federal financial aid regulations.  On November 6, 2019, the Department issued a letter approving GCU's continued participation under its new ownership but denying GCU's request to convert to nonprofit status for purposes of its participation in Title IV programs ("November 6, 2019 Letter").  That letter noted that the Department makes its own determination of nonprofit status for a school's participation in Title IV.  Although state and IRS approvals are required for nonprofit status under the Department's regulations, those approvals are not the sole determining factors, nor does the Department simply defer to those determinations.  In regard to the IRS designation of tax-exempt status, and as noted by the November 6, 2019 Letter, the IRS approval was issued three years prior to the transaction that closed on July 1, 2018, and there is no evidence that the IRS conducted a comprehensive review of the transaction.  Unlike the IRS's initial grant of tax-exempt status, the Department's determination of nonprofit status considers the structure and planned operations of the institution when its owner(s) apply for that change of status, and seeks to ensure that a nonprofit institution's revenues – a good portion of which are generated from Title IV funds – are primarily devoted to the mission of the school and not to other parties, including (as here) the shareholders of the prior owner.  The November 6, 2019 Letter identified a number of factors contributing to the Department's determination that GCU did not meet the regulatory definition



Multi-Regional and Foreign Schools Participation Division
830 First Street, NE Washington, DC 202020
AR-J-0348

S. Gombos, re: Grand Canyon University
Page 2

of a nonprofit. As detailed in the letter, a significant factor was the Master Services Agreement entered into between GCU and its former owner, Grand Canyon Education, Inc. ("GCE"), pursuant to which there is an ongoing relationship between the parties where sixty percent of GCU's revenue is paid to GCE.

As you know, the parties to the GCU transaction closed the transaction without the benefit of a pre-acquisition review by the Department. That decision was certainly within the parties' rights to do so. On August 30, 2018, the Department countersigned the Temporary Provisional Program Participation Agreement ("TPPPA") which allowed GCU to continue its participation in Title IV programs while the Department conducted a post-closing review of the transaction and the request to convert to nonprofit status. In December 2018, at GCU's request, the Department approved some new programs that had been added prior to July 1, 2018, and in January 2019, the Department approved additional programs that GCU added after July 1, 2018.

Immediately following the July 1, 2018 closing of the transaction, the Department requested additional documents to conduct its post-closing review of the transaction. Over the course of the following months there were additional requests for information or documents, and GCU provided the information that was requested. Many thousands of pages of documents were carefully reviewed and analyzed by the Department before the November 6, 2019 Letter was issued. The documents included voluminous valuations of real property and other assets, as well as a report analyzing the strategic options available to GCE, including transferring GCU to new ownership, with GCE as the services provider as an alternative to the status quo where GCU remained under GCE ownership, as well as another report containing a transfer pricing study.

On November 14, 2019, the Department and GCU entered into (effective by the Department's countersignature) a Provisional Program Participation Agreement ("PPPA") which authorized GCU's continued participation in the Title IV programs under its new ownership, albeit continuing that participation as a proprietary school. The PPPA continues GCU's participation through September 30, 2022.

Following its receipt of the November 6, 2019 Letter, GCU requested a meeting with Department representatives. That meeting was held on December 16, 2019, and included six representatives of GCU, and six representatives of the Department. The principal focus of the meeting was GCU's presentation of a power point featuring students and community members praising GCU's accomplishments on campus and in the community. The Department agreed with the GCU representatives that those activities are worthwhile and commendable, however explained that they do not change the factors identified in the November 6, 2019 Letter which the Department determined precluded its approval of nonprofit status for GCU.

On January 8, 2020, the Department received a letter from Will Gonzalez, Chairman of the GCU Board of Trustees, which included a term sheet and an amended services agreement, and requested that the Department reconsider GCU's request to convert to nonprofit status as a result of those changes. On January 17, 2020, the Department responded to Mr. Gonzalez's letter, advising him that the Department would not be able to re-determine GCU's status based on the materials he provided, but that additional documents and information would be needed, including the proposed amendment to the purchase agreement (not just a term sheet), updated valuation studies and an opinion from an independent expert.

S. Gombos, re: Grand Canyon University
Page 3

The requested valuation and review documents were submitted to the Department on May 6 and May 13, 2020.  On July 1, 2020 – only six weeks later, GCU wrote to the Department seeking a status update on the Department's review of these new materials,[1] despite the fact that it took nearly four months for these materials to be submitted to the Department.  Now the Department must conduct another thorough review and analysis of these new studies and the proposed new agreement.

In addition to GCU's request to conduct a second post-closing review of the transaction, the Department has numerous other change in ownership applications currently under review, some of which are also proprietary to nonprofit conversion applications.  All these applications require a substantive review— the Department does not simply conduct a box-checking exercise.  The Department attempts to process applications and requests for reconsideration in the order received, while taking into consideration that reviews arise during different times of the change of ownership cycle, the nature of the review, the issues presented, and the complexity of the transaction all necessarily impact the timeline for any given review.  With respect to GCU's request, the Department has already devoted significant time and resources to its original determination, and this supplemental review will not displace other reviews already in process.  We understand that the parties want to restructure their transaction for purposes of seeking a reconsideration of the original determination, and we anticipate that the review will be completed within the next few months.  Although the Department tries to process a number of reviews at a time, that process is necessarily impacted by the workload of the Department personnel involved in these reviews.

Although classified as a proprietary institution for Title IV purposes, the only additional regulatory requirement is that GCU must continue to meet the 90/10 eligibility requirements described in 34 C.F.R. §668.28.  The gainful employment program requirements previously set out in 34 C.F.R. Subpart Q are no longer in effect as of July 1, 2020.

There has been no interruption to the flow of Title IV funding to GCU throughout this process.  The Department notes GCU's title IV funding has increased steadily over the past 3 fiscal years.  For year ended June 30, 2018 - $960,066,272.91; for year ended June 30, 2019 - $1,013,596,260.35; and for the year ended June 30, 2020 - $1,165,945,308.25.

In addition to the increase in Title IV funding the Department notes that as of June 30, 2019, GCU's enrollment had grown to 87,590, which was an increase of 7.3% from the prior fiscal year (*see* August 6, 2019 8K filed by GCE).  For the current year, as of June 30, 2020, GCU's enrollment had grown to 94,606, which is an increase of 8% from the prior fiscal year (*see* August 4, 2020 8K filed by GCE).

The Department's goal for completing its review of this matter is November 15, 2020, contingent on whether additional materials are needed to complete the Department's review.  The Department will contact GCU if further information or documents are needed.

---

[1] Although the Department endeavors to provide status updates when requested, we are inundated with such requests, in addition to processing all of the substantive work.  As a result, sometimes a status request may be missed.  Usually, an institution will follow up with FSA with a courtesy reminder of the request.

AR-J-0350

S. Gombos, re: Grand Canyon University
Page 4

If you have any additional questions, please contact Michael Frola, Division Chief for the Multi-Regional & Foreign School's Division at 202-377-3364 or via email at Michael.Frola@ed.gov.

                Sincerely,

                *Robin S. Minor*

                Robin S. Minor
                Deputy Chief Operating Officer
                Office of Partner Participation and Oversight

cc:     Brian Roberts, GCU Chief Administrative Officer, General Counsel, and Secretary