# United States Senate
WASHINGTON, DC 20510

October 22, 2015

The Honorable Arne Duncan  
Secretary  
Department of Education  
400 Maryland Avenue, SW  
Washington, DC 20202

The Honorable John Koskinen  
Commissioner  
Internal Revenue Service  
1111 Constitution Avenue, NW  
Washington, DC 20224

Dear Secretary Duncan and Commissioner Koskinen:

We write today to ask you to respond to a recent report by Robert Shireman of The Century Foundation (TCF) entitled, "The Covert For-Profit," which outlines the troubling trend of for-profit education companies converting to non-profit entities while continuing to reap huge financial gains for their leaders. These sham non-profits make a mockery of traditional non-profit governing and accountability structures. Their incestuous leadership arrangements and troubling debt structures enable them to continue posting hefty profits while providing questionable results for students. As the agencies responsible for granting non-profit, tax exempt status and protecting students, the Internal Revenue Service (IRS) and U.S. Department of Education (ED) must work together to carefully assess these conversions.

The report enumerates ways in which four institutions--Herzing University, Remington College, Inc., Everglades College, and the Center for Excellence in Higher Education (CEHE)--have converted to non-profit educational organizations without any substantial changes in their operations and in ways inconsistent with what the organizations declared when seeking tax exempt non-profit status. In each of these cases, the companies that owned and operated for-profit college campuses and online programs appear to have sold the for-profit entity's assets to a non-profit entity controlled by the same individuals who had controlled the for-profit institution. Questions exist regarding how the asset purchases were structured and whether loan payments made to the non-profit entity by the for-profit entity to finance the asset purchase are a form of de facto profit to the former directors and executives that would not otherwise be allowable.

Other concerns include: 1) schools operating board of directors hand-picked by former owners and filled with trustees with conflicts-of-interest or who are profiting directly and indirectly from the new non-profit institution; 2) paying rent for the use of facilities retained by the same individuals who previously owned the for-profit schools housed there; and 3) former owners of the for-profit schools collecting money from the new non-profits for ancillary services like hotel fees and private jets on top of receiving an inflated salary. Given these concerns, we encourage you to review the cases highlighted in the report to ensure these entities comply with the law and the requirements for tax-exempt status under section 501(c)(3) of the Internal Revenue Code.

It is the responsibility of the IRS and ED to prevent former for-profit education companies from abusing their tax-exempt status and to protect students from predatory actors. According to the

1

TCF report, ED relies solely on the IRS in determining nonprofit status and makes no additional effort to ensure that a school is actually adhering to the standards required of non-profit organizations. To address these problems there are number of steps that we believe must be taken.

The IRS and ED must coordinate assessment of these conversions based on the priorities of both agencies. The TCF report suggests that in the absence of clearly delineated authority these applications are falling into a no man's land in which neither agency is taking responsibility for developing the correct protocol and exercising necessary oversight. The Department of Education lacks the necessary jurisdiction and expertise to effectively make a decision about an applicant's tax status. At the same time, the IRS lacks the resources to properly address this influx of complex applications.

The report also provides concrete recommendations for each of your agencies to address this issue, including a moratorium on the approval of any additional for-profit education institution seeking tax-exempt, non-profit status. We ask for your response to each of his specific recommendations and any other steps you will take to ensure the integrity of non-profit status in the face of abuse by members of the for-profit education industry. ED and the IRS should then develop a joint plan for evaluating and monitoring future conversion that takes into account the priorities of both agencies and ensures protections for students. It is critical that this plan clearly establish which agency will be responsible for each step in evaluating future applications.

Since ED's gainful employment regulations went into effect, for-profit colleges have continually sought to find ways to subvert the rule's requirements. Avoiding these regulations appear to be a prime factor behind the four conversions highlighted in the TCF report and the President of Remington College has stated publicly that conversion to non-profit status was driven, at least in part, by concern over exceeding the 90/10 rule.

With enhanced scrutiny on the for-profit industry after the collapse of Corinthian College and a renewed push for additional laws and regulations protect students and taxpayers, we are concerned additional schools will seek to avoid ED regulations by pursuing superficial conversions to non-profit status. Given that at least two publically traded for-profit education companies have already expressed interest in making this transition it is critical that both the IRS and ED take a closer look at non-profit conversions by for-profit education companies.

Thank you for your attention to this important issue. We look forward to your response.

Sincerely,

Sherrod Brown
United States Senator

Richard J. Durbin
United States Senator

Chris Murphy
United States Senator

Tom Carper
United States Senator

Richard Blumenthal
United States Senator

Elizabeth Warren
United States Senator

Jack Reed
United States Senator

cc: The Honorable Jack Lew, Treasury Secretary
     The Honorable Cecilia Munoz, Domestic Policy Council