Kevin E. O'Malley (006420)
Hannah H. Porter (029842)
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: 602.530.8000
Facsimile: 602.530.8500
Email: kevin.omalley@gknet.com
Email: hannah.porter@gknet.com

Steven M. Gombos (*pro hac vice*)
Virginia State Bar No. 30788
David A. Obuchowicz (*pro hac vice*)
Virginia State Bar No. 82483
Gombos Leyton, PC
11350 Random Hills Road #400
Fairfax, Virginia 22030
Telephone: 703.934.2660
Facsimile: 703.934.9840
Email: sgombos@glpclaw.com
Email: dobuchowicz@glpclaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Grand Canyon University,<br><br>            Plaintiff,<br><br>v.<br><br>Miguel Cardona, *et al*,<br><br>            Defendants. | No. 2:21-cv-00177-SRB<br><br>**Plaintiff's Motion to Supplement the Administrative Record and to Take Judicial Notice** |

      Grand Canyon University asks the Court to supplement the administrative record with a Declaration from Jason Eberhardt (**Ex. A**). Mr. Eberhardt directed and oversaw BKD, LLP's independent assessment of a transfer pricing study performed by Deloitte LLP. Mr. Eberhardt's declaration is offered for the narrow purpose of identifying a typo in BKD's May 5, 2020 Report (AR-C-0316 – 0334). The Department improperly relied on that typo in its January 12, 2021 reconsideration decision (AR-A-0019 – 0037). As stated in GCU's

Memorandum in Support of its Motion for Summary Judgment, the Department's reliance on that typo was critical to its analysis of Deloitte's transfer pricing study.

GCU also asks this Court to supplement the administrative record with, or alternatively, take judicial notice of, an April 5, 2022 Report from the Government Accountability Office.

**A. Declaration of Jason Eberhardt**

Supplementation of the record is appropriate when extra-record documents may aid the Court in understanding complex matters. *Southwest Center for Biological Diversity v. U.S. Forest Service*, 100 F.3d 1443, 1450 (9th Cir. 1988). The IRS itself recognizes that "transfer pricing examinations are factually intensive and require a thorough analysis." INTERNAL REVENUE MANUAL, pt. 4, ch. 61, sec. 4.61.3.[1] The Department's improper reliance on a typo unnecessarily complicates that analysis.

Here, Mr. Eberhardt's extra-record statements will aid the Court in understanding the relevant transfer pricing analysis in this case. His declaration seeks only to clarify the typo on which the Department improperly relied in contradiction to the plain language of the applicable regulations. His other statements simply restate, in layman's terms, BKD's conclusions in its May 4, 2020 report. Thus, they offer no new opinions or analysis. *See* AR-C-03320 (concluding that Deloitte's selection of Economic Profits Split transfer pricing method was reasonable).

Supplementation of the record with Mr. Eberhardt's declaration is also appropriate because it demonstrates that the Department failed to consider relevant issues. *See Southwest*, 100 F.3d at 1450. That is, the Department failed to consider the relevant transfer pricing regulations and instead relied on a typo in an expert report which directly contradicts the plain language of the regulations. *Compare* 26 CFR 1.482-1(c) ("An arm's length result

---

[1] Available at: https://www.irs.gov/irm/part4/irm_04-061-003#idm139827281327616

may be determined under any method without establishing the inapplicability of another method[.]" (emphasis added); with

### B. GAO Report on Services Agreements

GCU also seeks to supplement the record with a recent report from the Government Accountability Office ("GAO"). *See* GOV'T ACCOUNTABILITY OFFICE, EDUCATION NEEDS TO STRENGTHEN ITS APPROACH TO MONITORING COLLEGES' ARRANGEMENTS WITH ONLINE PROGRAM MANAGERS (April 5, 2022) ("GAO Report) (**Ex. B**). The GAO Report discusses the prevalence of bundled services agreements similar to the Master Services Agreement ("MSA") between GCU and Grand Canyon Education, Inc. ("GCE") and the Department's oversight of such agreements.

The GAO Report is offered to demonstrate that the Department's failed to consider relevant issues—namely, the widespread use of bundled services by other colleges—in its disparate treatment of GCU. *See Southwest*, 100 F.3d at 1450 (holding that supplementation is appropriate when the extra-record materials show that the agency did not consider all relevant factors). GCU alleges it was arbitrary and capricious for the Department to deny GCU's nonprofit status based on the terms of the MSA when other colleges use services agreement with similar and often less favorable terms. Indeed, the Administrative Record does not reflect any consideration by the Department of the wide use of similar services agreements used by other colleges and universities.

Specifically, the GAO found that hundreds of other nonprofit and public colleges use services agreements, and it cited studies showing that many such agreements involve revenue shares that are at or in excess of the revenue share under the MSA. GAO Report at 11, 15-16. In considering GCU's argument that the Department should have considered these agreements, it is important for the Court to understand not just the existence of similar services agreements, but also their prevalence amongst other nonprofit and public colleges.

In the alternative, GCU asks the Court to take judicial notice of the GAO Report and its findings under Fed. R. Evid. 201. Courts take judicial notice of "[t]he records and reports of administrative bodies . . . as long as their authenticity is not disputed." *Daghlian v. DeVry Univ., Inc.*, 461 F. Supp. 2d 1121, 1146 (C.D. Cal. 2006). Reports by the GAO are considered to be "judicially cognizable apart from the record as authorities marshaled as part of a legal argument." *Military Toxics Project v. EPA*, 146 F.3d 948, 954 (1998).

The Report is readily available from the GAO's website at https://www.gao.gov/assets/gao-22-104463.pdf, and its authenticity may not be reasonably disputed. Moreover, the Department reviewed the GAO Report, and did not dispute any of the findings or conclusions, recognizing "that colleges are increasingly seeking out third-party [services providers]." GAO Report at 26-27. Thus, the GAO report can be accurately and readily determined from the sources whose accuracy cannot reasonably be questions. Fed. R. Evid. 201(b)(2).

Dated this May 16, 2022.

          Respectfully submitted,

Kevin E. O'Malley
Hannah H. Porter
GALLAGHER & KENNEDY
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016

 /s/ Steven M. Gombos
Steven M. Gombos
David A. Obuchowicz
GOMBOS LEYTON, P.C.
11350 Random Hills Road, Suite 400

**Certificate of Service**

I certify that on May 16, 2022, I electronically filed the above motion using the Court's CM/ECF system, which will send notice to all counsel.

*/s/ Steven M. Gombos*

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1