Kevin E. O'Malley (006420)
Hannah H. Porter (029842)
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: 602.530.8000
Facsimile: 602.530.8500
Email: kevin.omalley@gknet.com
Email: hannah.porter@gknet.com

Steven M. Gombos (*pro hac vice*)
Virginia State Bar No. 30788
David Obuchowicz (*pro hac vice*)
Virginia State Bar No. 82483
Gombos Leyton, PC
11350 Random Hills Road #400
Fairfax, Virginia 22030
Telephone: 703.934.2660
Facsimile: 703.934.9840
Email: sgombos@glpclaw.com
Email: dobuchowicz@glpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University, | No. CV-21-00177-SRB |
| Plaintiff, | **Declaration of Jason Eberhardt in Support of Plaintiff's Motion of Summary Judgment** |
| v. | |
| Miguel Cardona, in his Official Capacity as Secretary of the United States Department of Education, and the United States Department of Education, | |
| Defendants. | |

I, Jason Eberhardt, hereby declare as follows:

1. I am over eighteen years of age and reside in Pennsylvania.

2. This declaration is offered in support of GCU's Motion for Summary Judgment.

3. I have direct personal knowledge of the facts presented in this declaration based on my participation in, involvement with, or awareness of the related events and occurrences, or I have conducted sufficient inquiry to determine the balance of the facts presented in this declaration. If called as a witness, I could competently testify to these facts.

**Personal Background**

4. I am a Director at BKD CPAs & Advisors ("BKD"). As part of my duties, I manage transfer pricing documentation and planning studies for various international and domestic clients.

5. I also have experience preparing valuation studies of intangible assets, intellectual property, and business interests for various purposes, including general business consulting, financial reporting, and tax planning purposes.

**Analysis of GCU transfer pricing study**

6. In February 2020, Gombos Leyton, P.C., retained BKD on behalf of Grand Canyon University ("GCU") to provide transfer pricing consulting services. As part of those services BKD provided an independent report as follows:

   a. reviewed transfer pricing documentation prepared by Deloitte LLP regarding the arm's-length nature of a transaction between GCU and Grand Canyon Education ("GCE"), involving (1) the provision of services by GCE to GCU and (2) the transfer of intangible assets and the license of GCE's technology platform from GCE to GCU (collectively, "Transaction");

1

      b. evaluated whether Deloitte's analyses produced a fair and equitable result to GCU based on relevant transfer pricing methodologies; and

      c. performed an independent analysis of various service agreements between service provides and higher educational institutions to further evaluate the reasonableness of Deloitte's conclusions.

7. I directed and oversaw the transfer pricing consulting services and evaluation described above.

8. On page four of BKD's May 5, 2020 report, BKD described the "best method rule" under 26 C.F.R. § 1.482-1(c). That description contains a typo.

9. The report states, "An arm's-length result may **not** be determined under any method without establishing the inapplicability of another method" and cites to 26 C.F.R. § 1.482-1(c). (Emphasis added).

10. However, the actual regulation states the opposite: "an arm's length result may be determined under any method without establishing the inapplicability of another method." 26 C.F.R. § 1.482-1(c).

11. BKD's inclusion of the word "not" was an inadvertent mistake.

12. It is our understanding that the Department of Education improvidently relied upon BKD's misquote of the best method rule which would have been obvious if the Department had knowledge of the applicable standard or had reviewed the actual report to conclude that Deloitte was required to establish the inapplicability of other transfer pricing methods before choosing the Economic Profit Split method.

13. Based on my experience and expertise, Deloitte did not have to establish the inapplicability of other transfer pricing methods before choosing the Economic Profit Split method.

14. Based on my experience and expertise, Deloitte's conclusion that the Economic Profit Split Method was the best method was reasonable.

15. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 12, 2022

*Jason Eberhardt* (signature)

Jason Eberhardt

**Certificate of Service**

I certify that I filed the Declaration of Jason Eberhardt using the Court's CM/ECF system, which will notify all counsel.

/s/ Steven M. Gombos