Kevin E. O'Malley (006420)
Hannah H. Porter (029842)
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: 602.530.8000
Facsimile: 602.530.8500
Email: kevin.omalley@gknet.com
Email: hannah.porter@gknet.com

Steven M. Gombos (*pro hac vice*)
Virginia State Bar No. 30788
David A. Obuchowicz (*pro hac vice*)
Virginia State Bar No. 82483
Gombos Leyton, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: 703.934.2660
Facsimile: 703.934.9840
Email: sgombos@glpclaw.com
Email: dobuchowicz@glpclaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Grand Canyon University,<br>　　　　　　Plaintiff,<br>v.<br>Miguel Cardona, *et al*,<br>　　　　　　Defendants. | No. 2:21-cv-00177-SRB<br><br>**Plaintiff's Motion and Supporting Memorandum to File Select Exhibits Under Seal** |

Pursuant to LRCiv 5.6, Plaintiff Grand Canyon University (GCU) respectfully requests that this Court enter an order sealing the unredacted copies of select documents attached to GCU's Motion for Summary Judgment and Supporting Memorandum (ECF Doc. 59). GCU's request is made upon the following information and grounds.

**Relevant Procedural Background**

On January 18, 2018, GCU filed with the United States Department of Education a request for preacquisition review of a planned transaction involving the sale of Grand Canyon University from its former for-profit owner Grand Canyon Education, Inc., to nonprofit Gazelle University (since renamed to Grand Canyon University). With its initial request for preacquisition review, as well as in response to later document requests from the Department, GCU provided sensitive business information, including Board of Trustees meeting minutes, transaction documents, and valuation reports and economic studies. Those documents constitute part of the Administrative Record which the Department has assembled but not produced or filed with the Court.

**Records At Issue**

GCU does not contend that all documents within the Administrative Record warrant protection under seal or even most. Instead, GCU's request is limited to those documents referenced in its motion for summary judgment or statement of facts that contain competitively sensitive information (the Subject Documents), the disclosure of which would be detrimental to GCU's business. The Subject Documents primarily consists of economic valuations and related documents that contain GCU's financial operations metrics. A description of the Subject Documents is below. For the reasons set for below, good cause exists to seal the Subject Documents.

**Legal Standard**

Although courts generally recognize a presumption of public access to court records, every court has inherent and supervisory powers over its own records and files. *Hagestad*

*v. Tragesser*, 49 F.3d 1430, 1433-34 (9th Cir. 1995). The presumption of public access to court records is overcome when a party demonstrates important countervailing interests in maintaining the confidentiality of sensitive business information. *San Jose Mercury News v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999). "In deciding whether sufficient countervailing interests exist, the court will look to the public interest in understanding the judicial process and whether disclosure of the material could result in improper use . . . ." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (internal citations omitted); *see also Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010).

## Argument

The Subject Documents contain the type of confidential and competitively sensitive information that courts have deemed to warrant protection and should therefore be sealed. *See Rich v. Shrader*, 2013 U.S. Dist. LEXIS 161850*4-5 (S.D. Cal. 2013) (permitting seal of company's financial performance metrics).

**1. The Subject Documents include competitively sensitive financial performance metrics as well as other sensitive business information**. Specifically, the Subject Documents primarily consists of appraisals and economic studies related to GCU's tangible personal property, real property, as well as the Master Services Agreement (MSA) between GCU and Grand Canyon Education, Inc. (GCE). Those documents include sensitive financial performance metrics. The Subject Documents also include the MSA and Amended and Restated MSA between GCU and GCE which contains the terms of GCE's services, the services GCE provides to GCU, and other business information that could harm both GCE's and GCU's competitive standing.

**2. GCU has taken significant measures to prevent the Subject Documents from being publicly disclosed.** Although GCU was required to provide the Subject Documents to the Department in support of its request for preacquisition review and its later change-in-ownership application, GCU requested that the Department maintain the confidentiality

of the documents and decline to disclose them to any third party under any FOIA request or otherwise. AR-J-066; *see also* AR-J-0070 - 0072. GCU has taken similar efforts to protect the Subject Documents in response to congressional inquiries. *See generally* AR-L-0071 (noting that the preacquisition review documents include trade secrets, sensitive competition, and financial information and reiterating committee staff's agreement to provide advance notice and an opportunity to seek redaction prior to any potential redisclosure). Finally, as to the Master Services Agreement between GCU and Grand Canyon Education, Inc., a publicly traded company, we note that GCE sought confidential treatment of the MSA with the Securities and Exchange Commission and filed a redacted version for public release.[1]

**3. Disclosure of the Subject Documents could result in improper use.** The education industry in which GCU operates is highly regulated and intensely competitive. Widespread disclosure of the Subject Documents would provide GCU's competitors access to crucial components of the University's business processes and would result in harm to GCU's business interests. If the Subject Documents are not sealed, GCU's competitors would be improperly provided with GCU's strategic operational information. If disseminated, such information could be utilized by GCU's competitors to gains an unfair advantage.

**4. Release of the Subject Documents will not serve the public interest.** The Subject Documents offer no intrinsic value to the public. Moreover, in most instances, GCU is proposing to seal only portions of the Subject Documents, filing a redacted version in the public file. The public would receive little, if any, benefit from having access to the Subject Documents in their entirety. That is to say, disclosure would provide no useful insight into the judicial process. On the other hand, disclosure would expose and likely result in harm to GCU's business. As a result, compelling reasons justify preventing disclosure of the

---

[1] The redacted MSA publicly released by GCE is available at https://www.sec.gov/Archives/edgar/data/1434588/000119312518322557/d617676dex108.htm.

1 | Subject Documents and those compelling reasons outweigh the public interest in
2 | disclosure.

## Conclusion

Compelling reasons support this request to seal the Subject Documents. The Subject Documents contain GCU's confidential information and trade secrets. Indeed, GCU's business interests are exposed to significant harm if the Subject Documents are not sealed. Moreover, the public's interest in the Subject Documents does not outweigh the compelling reasons to seal the Subject Documents in this instance. For these reasons, GCU respectfully requests that the Court enter an order sealing the unredacted copies of the following Exhibits to GCU's Motion for Summary Judgment: ECF Doc. Nos. 59-6, 59-8, 59-9, 59-10, 59-11, 59-12, 59-13, 59-14, 59-15, 59-16, 59-18, 59-19, 59-20, 59-21, 59-27, 59-28, 59-37, 59-39, 59-40, 59-42, 59-43, 59-58, 59-59, 59-62.

Dated this May 16, 2022.

Respectfully submitted,

/s/Steven M. Gombos
Steven M. Gombos
David A. Obuchowicz
GOMBOS LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, VA 22030

Kevin E. O'Malley
Hannah H. Porter
GALLAGHER & KENNEDY
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016

*Counsel for Plaintiff*

**Certificate of Service**

I certify that on May 16, 2022, I electronically filed this Motion using the Court's CM/ECF system.

/s/ Steven M. Gombos