# Exhibit 1



**UNITED STATES DEPARTMENT OF EDUCATION**

OFFICE OF THE GENERAL COUNSEL

May 17, 2018

Dennis M. Cariello, Esquire
Hogan Marren Babbo & Rose, Ltd.
40 Broad Street
7th Floor
New York, NY 10004

Jonathon C. Glass, Esquire
Cooley LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC  20004-2400

**Re:    Request for Pre-Acquisition Review of a Proposed Change in Ownership – Grand Canyon and Gazelle**

Dear Dennis and Jonathon:

I am following up with additional requests for information regarding the Department's pre-acquisition review on the proposed Grand Canyon and Gazelle transaction.  It would be helpful if you could provide a narrative response to each request below, with references to separately identified exhibits.  The documents can be sent to me via email if the attachments are less than 20 megabytes per email.  If the document submission is too voluminous to be submitted via email, a USB external drive should be sent to:

Attn: Jamal Steward
U.S. Department of Education
Federal Student Aid
Multi-Regional and Foreign Schools Participation Division
830 First Street, NE
Union Center Plaza, Mail Stop 5340
Washington, DC 20202

Sincerely,

Donna S. Mangold

Donna S. Mangold

## DEFINITIONS

For purposes of this Request, the following definitions apply:

1.  "GCE" shall mean Grand Canyon Education, Inc.

2.  "Gazelle" shall mean Gazelle University.

3.  "APA" shall mean the proposed Asset Purchase Agreement between Gazelle and GCE.

4.  "CA" shall mean the proposed Credit Agreement between Gazelle and GCE.

5.  "MSA" shall mean the proposed Master Services Agreement between Gazelle and GCE.

6.  "The Foundation" shall mean Grand Canyon University Foundation.

7.  "Transaction" shall mean the proposed transaction by which Gazelle University will acquire certain assets and liabilities of GCE, engage GCE to provide certain services, and borrow funds from GCE.

## REQUESTS FOR INFORMATION

1.  Produce any appraisals, valuations, valuation summaries, or valuation reviews obtained or commissioned *by any party* to the Transaction for purposes of valuing the Transaction.

2.  Identify the members of Gazelle's Board from incorporation to present, including whether each member is a "public member."

3.  Identify the principal executive officer of the Foundation.

4.  Describe how the size of the Foundation's Board (5 out of a maximum of 11) was determined and how the current members were selected.

5.  Identify any provisions governing future decisions about the size of the Foundation's Board and the number of directors who must be public members.

6.  Other than the Transaction, identify all personal or business relationships among any member of Gazelle's and/or the Foundation's Board and:

    a.  any executive officer of Gazelle;

    b.  any executive officer of the Foundation;

    c.  any member of GCE's Board;

2

  d. any executive officer of GCE;

  e. any of GCE's principal stockholders;

  f. any person who is not a member of Gazelle's Board but was or is a member of a committee formed by Gazelle under Article III of its Bylaws.

  g. any entity of which any person or entity identified above is an officer, director, trustee, direct or indirect owner, partner, or employee

7. State whether GCE is a company with which Gazelle or the Foundation does "substantial business" as used in Article III of the Foundation's Bylaws.

8. Describe the due diligence efforts by Gazelle and the Foundation with respect to the Transaction and produce any documents relating thereto.

9. Produce any PowerPoint presentations, summaries, reports, or similar documents presented to the Boards of Gazelle, the Foundation, and GCE related to the Transaction.

10. Produce all documents assessing or analyzing the financial impact of the Transaction on Gazelle, the Foundation, or GCE, including documents reflecting projected revenue streams/losses as a result of the Transaction, including any pro formas relating to the MSA.

11. Produce board meeting minutes, resolutions or consents relating to the Transaction.  This request includes the boards of Gazelle, the Foundation, and GCE (and any subcommittees thereof).

12. Produce Gazelle's and the Foundation's Form 990s for the past three years.

13. Provide the schedule of employees to be transferred to Gazelle as contemplated in APA, § 6.4.  Include each employee's current salary and the terms of any other compensation to which the employee is or may be entitled.

14. Identify any GCE employees to be jointly employed by GCE and Gazelle and explain how joint employee compensation has been or will be determined.

15. Produce any Schedules or Exhibits to the APA, MSA, and CA not previously provided and produce any amendments to the draft documents previously provided.

16. State whether the parties have agreed on the terms of the CA, including the interest rate and loan amounts and, if so, describe those terms.

17. Produce the Conflict of Interest Policy referenced in Gazelle's Bylaws.

18.    Identify all persons or entities that have been engaged to perform any transfer pricing study in connection with the Transaction, their engagement letters, and any studies produced by them.

19.    Explain how Gazelle and/or the Foundation are paying for the legal, appraisal, transfer pricing study, and other advisory services used or contemplated in connection with the Transaction.

4