

UNITED STATES DEPARTMENT OF EDUCATION

THE UNDER SECRETARY

September 9, 2015

Honorable Rosa L. DeLauro
House of Representatives
Washington, DC  20515

Dear Congresswoman DeLauro:

Thank you for your April 27, 2015, letter to Secretary Duncan regarding the conversion of for-profit colleges to nonprofit institutions. Your letter was forwarded to the Department of Education's (Department's) Office of the Under Secretary, and I am pleased to respond on behalf of the Secretary. A copy of this response is also being sent to the cosigners of your letter.

The Department acknowledges and understands your view that the nature of proprietary ownership of a school is to provide private benefits to its owners, and this framework may be at odds with the objective of a nonprofit entity to provide quality educational services to benefit the public without providing undue financial benefits to the individuals in control. The Department shares your concern that when a proprietary school owner converts a school to nonprofit status, the arrangement might be structured to retain the for-profit incentives and the management behaviors for the former owner who continues to hold a significant role at the institution.

Your letter refers to an article in the New York Times dated March 2, 2015, entitled "*Some Owners of Private Colleges Turn a Tidy Profit by Going Nonprofit,*" and notes certain arrangements and conditions that may provide significant revenues to the former proprietary school owner(s).

You also refer to a situation where a former proprietary school owner is a major creditor to the nonprofit entity, and has sole power to create and disband the college's board of trustees. You ask whether these payments by the nonprofit entity to a former owner would violate the Anti-Deficiency Act. These examples would not be violations of that Act as the Federal student aid funds are provided to the nonprofit entity for the institution to use for its eligible students. The amount of Federal student aid funds is based upon the students and programs at the institution. In addition, eligible loan funds are mandatory and not subject to appropriations. With respect to the Federal student aid funds earned by the nonprofit institution, there is a separate question of whether it is appropriate for the nonprofit entity to engage in the types of arrangements identified above, and the Internal Revenue Service (IRS) would determine whether those activities are permissible under the nonprofit rules.

Your letter also asks whether the Department has consulted with the IRS when reviewing applications to approve a conversion of a for-profit institution to a nonprofit institution regarding a number of scenarios where the former owner retains some type of relationship with the institution.

Page 2

The issues raised in your letter concerning whether the payments and services provided to the former owners of a nonprofit are noted by the Department during a review, and are brought to the attention of the IRS for review under that agency's standards. Where appropriate, the Department has made referrals to the IRS for a review of information received through the application process.

As part of our current procedures, we review the application for approval of the conversion submitted to the Department, and also request supporting documents that may include:

- the sales agreement and any other related party agreements;

- obtaining from the institution a narrative explanation of the roles of the former owners and executives of the for-profit school in the management of the nonprofit after the sale; and

- identifying any purported donation of assets by the for-profit owners to the nonprofit enterprise, and the impact that such donations might have on the control of the nonprofit.

As a part of this process, the Department reviews the sales documents and other agreements to gain an understanding of the structure and operations of the nonprofit entity, and to identify any continuing responsibilities, executive positions, and services to the nonprofit entity provided by the former owners or related parties. The executive officers or key employees of the nonprofit entity are checked to see if any have been debarred from participating in Title IV programs. The financial statements of the nonprofit entity are reviewed, and when questions arise, the audit work papers are also reviewed. In the past, the Department has not encountered issues where the value of a donated asset was material, but will consider this question in more detail going forward. The Department continues to assess ways to improve our existing procedures and enhance our coordination with the IRS regarding our respective reviews of for-profit conversions to nonprofit.

Regarding your request that the Department impose an immediate moratorium on new approvals, the Department cannot stop institutions from undergoing changes of ownership or conversions from one type of institution to another and then applying to the Department for new approval. The number of these types of conversion from for-profit to nonprofit has been minimal in the last decade. The Department carefully reviews all conversion applications, and during the review, which may include an extended review period, the institution may continue to participate on a temporary approval that runs from month to month until a final decision is issued on the application. If the application is approved, the institution then participates under provisional certification. When an institution participates on a provisional basis, the institution's Program Participation Agreement with the Secretary includes provisional conditions that the institution must abide by in order to maintain its approval to participate in the Title IV, HEA programs. The provisional period may be from one to three years, during which the Department exercises an increased level of monitoring and oversight of the institution's Title IV participation.

Page 3

You also asked if the consumer information in our College Navigator site accurately portrays an institution's nonprofit status. College Navigator is populated with data provided by institutions through an annual survey submission and from other Department resources (e.g., Cohort Default Rates). Data are validated on an annual basis for data fields such as the not-for-profit status and, if determined to be in error, are corrected for the next annual release. An institution's nonprofit status is reviewed annually by the Department through the audited financial statements and compliance audits that institutions are required to submit annually in addition to any application submitted to the Department for a change in ownership that may include a conversion from a for-profit to nonprofit status.

In reference to the details regarding conversions to nonprofit status from current for-profit institutions, the Department currently has two open cases regarding conversion applications, for Herzing University and the Center for Excellence in Higher Education; both of these are still undergoing substantive review. The Department is not aware of any recent conversion application or request for guidance from Career Education Corporation regarding a change to nonprofit. However, Grand Canyon University has informed me and other Department officials that it is contemplating, and has shared general information about, potentially converting to a nonprofit entity. In response to your question, the University has not submitted an application for a change in ownership.

Finally, you requested information regarding past conversion requests that have been approved. The conversion request from Everglades University was approved in 2002, Keiser University's conversion was approved in 2011, and Education America Remington College's conversion was approved in 2013.

Should you have other questions regarding this matter, please contact Lloyd Horwich, Acting Assistant Secretary in the Office of Legislation and Congressional Affairs, at 202-401-0020.

Sincerely,

Ted Mitchell