Kevin E. O'Malley (006420)
Hannah H. Porter (029842)
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: 602.530.8000
Facsimile: 602.530.8500
Email: kevin.omalley@gknet.com
Email: hannah.porter@gknet.com

Steven M. Gombos (*pro hac vice*)
Virginia State Bar No. 30788
David A. Obuchowicz (*pro hac vice*)
Virginia State Bar No. 82483
Gombos Leyton, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: 703.934.2660
Facsimile: 703.934.9840
Email: sgombos@glpclaw.com
Email: dobuchowicz@glpclaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Grand Canyon University,<br>     Plaintiff,<br>v.<br>Miguel Cardona, *et al*,<br>     Defendants. | No. 2:21-cv-00177-SRB<br><br>**Plaintiff's Response to Defendants' Statement of Material Facts in Support of Cross-Motion for Summary Judgment.** |

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

Grand Canyon University (GCU) files this response to Defendant's Statement of Material Facts in Support of Cross-Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1. GCU incorporates its prior Statement of Material Facts filed in support of its Motion for Summary Judgment, ECF #60, as its Controverting Statement of Facts, *see* local rule 56.1(b).

1. Undisputed that the above language appears in the Higher Education Act.

2. Undisputed.

3. Undisputed.

4. GCU disputes this paragraph to the extent that the Department implies the Secretary has authority to determine nonprofit status, specifically or authority more generally, that is unconstrained by the Higher Education Act, the Administrative Procedure Act, or other controlling legal authority. *See, e.g.,* 20 USC § 1221e-3 ("The Secretary, in order to carry out functions otherwise vested in the Secretary by law or by delegation of authority pursuant to law, and subject to limitations as may be otherwise imposed by law, is authorized to make, promulgate, issue, rescind, and amend rules and regulations governing the manner of operation of, and governing the applicable programs administered by, the Department.").

5. Undisputed.

6. GCU does not dispute that 20 USC § 1001(a)(4) defines an "institution of higher education" as a "public or other nonprofit institution[]." Nor does GCU dispute that 20 USC § 1002(b) & (c) extend the definition of "institution of higher education" to include proprietary institutions and private vocational institutions. The remainder of this paragraph is disputed, particularly the Department's statement that proprietary institutions participate in Title IV programs "under different terms." *See, e.g.,* AR-J-0350 (noting that the only requirement specific to proprietary schools is the 90/10 rule).

7. Undisputed.

8. GCU does not dispute that 34 CFR § 600.2 includes the quoted language in this paragraph but disputes any inference the Department seeks to draw from the quoted language.

9. Undisputed.

10. Disputed to the extent the paragraph states there are requirements beyond the 90/10 rule that apply only to proprietary schools. *See,* e.g., AR-J-0350 (the Department noting that "[a]lthough classified as a proprietary institution for Title IV purposes, the only additional regulatory requirement is that GCU must continue to meet the 90/10 eligibility requirements described in 34 C.F.R. §668.28."). Also, because the administrative record does not reflect any consideration of the proposed gainful employment regulations, GCU disputes this paragraph to the extent it suggests the proposed gainful employment regulations had any relevancy the Department's refusal to recognize GCU's nonprofit status. *See* AR-J-0350 (noting that the GE rules were rescinded); *see also* 84 Fed. Reg. 31,392, 31,394 (July 1, 2019) (rescinding the GE regulations effective July 1, 2019, months before the Department issued its Nov. 16, 2019 decision).

11. GCU does not dispute that it is currently in litigation with the Department concerning coronavirus pandemic relief funds. The remainder of the paragraph is disputed, particularly the Department's characterization of the congressional act apportioning those relief funds.

12. GCU does not dispute that an institution must enter into a program participation agreement with the Secretary to participate in Title IV programs. The paragraph is otherwise disputed, particularly the implication the Secretary is authorized to classify an institution as a for-profit or nonprofit or that the Secretary may impose "conditions" without limitation by the HEA, the APA, or other controlling legal authority. *See, e.g.*, 20 USC 1003(13). Finally, GCU disputes that there are conditions that only apply to for-profit colleges. *See, e.g.,* AR-J-0350 (stating that the only requirement specific to for-profit colleges is the 90/10 rule).

13. Undisputed so far as it goes but incomplete. GCU does not dispute that an institution's program participation agreement terminates upon a change in ownership or control under 34 CFR § 668.14(g)(1). Nor does GCU dispute that an institution ceases to qualify as an eligible institution under 34 CFR 600.31 upon undergoing a change in ownership or control.

14. Undisputed.

15. Undisputed except to the extent that the Department implies that, because pre-acquisition review is a voluntary process, it can withhold its pre-acquisition review and guidance in an arbitrary or capricious manner. *See, e.g.,* AR-M-0082.

16. Undisputed but incomplete. *See also* 34 CFR 600.20(b)(2)(C) ("Reestablish eligibility and certification after the institution changes its status as a proprietary, nonprofit, or public institution.").

17. Disputed to the extent the Department contends that it is authorized to independently determine an institution's nonprofit status or to continue the institution's participation as a proprietary institution while denying its nonprofit status. An institution reapplying to participate in the Title IV programs following its conversion from for-profit to nonprofit status must establish that it meets the eligibility criteria specific to nonprofits in 34 CFR 600.4, in addition to the eligibility criteria applicable to all institutions. *See* 34 CFR 600.20(b)(2)(i)(C) (an institution must reapply to participate in Title IV programs "after the institution changes its status as a proprietary, nonprofit, or public institution"); 59 Fed. Reg. 22,324, 22,333 (Apr. 29, 1994); 75 Fed. Reg. 42,190, 42192 (July 20, 2010).

18. GCU does not dispute the language quoted from the regulations but otherwise disputes this paragraph, including specifically the Department's characterization of its authority, which is not supported by factual evidence or cited legal authority.

19. GCU disputes this paragraph to the extent it characterizes the Department's review process with respect to GCU. It is also disputed that the Department considered whether the sales price of the transaction or the terms of the MSA were fair. Because the administrative

1 record does not contain any information explaining its so-called "process of detailed scrutiny,"
2 GCU lacks sufficient information to admit or deny the remaining information in this paragraph.
3    20. Disputed to the extent it mischaracterizes the Department's nonprofit review process
4 and decision involving Center for Excellence in Higher Education. AR-J-0316-0323
5 (providing context on the Department's decision regarding CEHE); AR-L-0059-0072.
6 Moreover, the Department's decision denying CEHE's nonprofit status is the only occasion
7 "prior to the transaction at issue," in which the Department refused to recognize an IRS-
8 approved 501(c)(3) as a nonprofit for purposes of Title IV participation. *See* Ex. B-5 to
9 Plaintiff's Motion to Complete the Administrative Record (ECF # 38-10). And the
10 Department subsequently approved CEHE as a nonprofit institution after the institution filed
11 suit challenging the Department's decision. AR-J-0320.
12    21. Plaintiff disputes this paragraph to the extent the Department misconstrues the
13 referenced communications. Plaintiff also disputes this paragraph because it is incomplete. In
14 those communications, GCU's counsel took at face value the Department's stated position
15 that it had, in the past, sought to make an independent nonprofit determination. But the
16 purpose of those emails were to identify what standards the Department intended to apply as
17 part of that process. *See, e.g,* AR-J-0128 (asking "what role does this information play in the
18 Department's analysis? Are there thresholds we should be aware of[?]"); *see also* AR-J-0078-
19 79 (recognizing "the Department's position that it must make an independent
20 determination" but noting that the Department "has never published any Dear Colleague
21 Letter or other generally applicable and publicly available guidance on any other factors that
22 the Department would consider in assessing whether an institution qualifies as [a] nonprofit
23 entity[.]").
24    22. Plaintiff disputes this paragraph to the extent the Department misconstrues the quoted
25 language. *See* AR-J-0078-81 (acknowledging the Department's "position" that it must
26

4

1  independently determining nonprofit status and explaining that GCU's transaction satisfies
2  nonprofit standard even under the Department's purported "position").

    23. Plaintiff disputes this paragraph to the extent the Department misconstrues the quoted language. *See* AR-J-0078-81 (acknowledging the Department's "position" that it must independently determining nonprofit status and explaining that GCU's transaction satisfies nonprofit standard even under the Department's purported "position").

    24. Plaintiff disputes this paragraph to the extent the Department misconstrues the quoted language. Moreover, Plaintiff disputes the paragraph to the extent it references board minutes from a meeting of GCE's Board of Directors, not Gazelle's independent Board of Trustees who negotiated the transaction for Plaintiff. *See* AR-E-0091-98.

    25. GCU does not dispute this paragraph except to the extent it implies acceptance of the Department's decisions denying GCU's nonprofit status following the July 1, 2018 transaction.

    26. Undisputed.

    27. Disputed to the extent the Department misconstrues the term of the MSA as "ongoing." See AR-B-1295-96; AR-B-2263-2264; AR-B-2326.

    28. Undisputed but incomplete. *See* AR-F-0612-13 (reaffirming GCU's 501(c)(3) status after the transaction closed).

    29. Undisputed.

    30. Disputed to the extent the Department suggests a response was forthcoming or that GCU had reason to believe a response was forthcoming. *See* AR-M-0082; AR-J-0112; AR-J-0128; AR-J-0131; AR-L-0054.

    31. Disputed to the extent the Department mischaracterizes the change-in-control application. GCU sought recertification to participate in Title IV under its current business structure, which was as a nonprofit institution. The change to nonprofit status had already

5

1  occurred.  34 CFR 600.20(b)(2)(i)(B)-(C).; *see also* 59 Fed. Reg. 22,324, 22,334 (Apr. 29, 1994).

2  32.  GCU disputes this paragraph to the extent the Department misconstrues the quoted language. Moreover, GCU specifically disputes this paragraph to the extent it is extra-record evidence that the Department did not consider in reaching its decisions and is therefore irrelevant to this APA action.

33.  GCU disputes this paragraph to the extent the Department misconstrues the quoted language. Moreover, GCU specifically disputes this paragraph to the extent it is extra-record evidence that the Department did not consider in reaching its decisions and is therefore irrelevant to this APA action.

34.  GCU does not dispute that the Department made these various representations but does dispute the characterization of its decision-making process, expertise, and authority. *See* AR-A-0010 (addressing "Authority Under the Internal Revenue Code"); *see also* AR-A-0015 (basing decision on "tax authority cited above").

35.  Disputed. The Department's decisions do not indicate any consideration of the service-provider agreements provided by GCU during the pre-acquisition review process. The Department did not differentiate the other service agreements in its decisions. Finally, GCU disputes the Department's mischaracterization of the quoted language from AR-J-0086. *See also* AR-J-0317; AR-J-0128-0129; AR-J-0006.

36.  GCU disputes this paragraph to the extent the Department misconstrues the quoted language. GCU also disputes this paragraph to the extent it implies the Department differentiated the Purdue Kaplan transaction action from GCU's transaction and to the extent it implies the public status of Purdue Kaplan is a relevant distinction.

37.  Disputed to the extent it implies the Department's authority to disregard an institution's nonprofit status. AR-J-0316-0323.

38. GCU does not dispute that the Department's decision addresses the Asset Purchase Agreement, Credit Agreement, and Master Services Agreement, but otherwise disputes this paragraph, including the Department's characterization of the agreements and its analysis. *See, e.g.,* Ans. ¶ 208 (admitting the Kaplan Purdue agreement involved a 30-year term with automatic 5-year renewals); *see also* AR-G-0010-0049.

39. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the Department's characterization of its analysis. GCU further disputes that the Department "carefully considered" the various valuation reports, given its misapplication of relevant IRS regulations and lack of expert analysis to support its decision. *See* ECF 63-1, Declaration of Jason Eberhardt; see also Jan. 13, 2022 Hr'g Tr. 15:24-25 (stating that "the Department did not have an expert who did an analysis of the GCU transaction"). Plaintiff further disputes this paragraph to the extent it suggests that GCU commissioned the Barclay's Report. *See* AR-A-0004, n. 8.

40. GCU does not dispute that the Department made these representations in its decisions, but otherwise disputes the remainder of this paragraph, including the Department's characterization of its analysis.

41. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the content and characterization of the Department's analysis. GCU further disputes this paragraph to the extent that the Department's calculations are based on a misreading of the cited documents. AR-C-0041; AR-G-0024.

42. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the content and characterization of the Department's analysis. *See* 20 USC 1232a; 34 CFR 668.25(a).

43. GCU does not dispute that the Department made these statements but otherwise disputes this paragraph, including the Department's characterization of legal and factual issues in its analysis.

44. GCU does not dispute that Defendant has made these representations but otherwise disputes this paragraph. AR-F-0612-13.

45. GCU disputes this paragraph to the extent the Department asserts it made a finding that the IRS had not conducted a comprehensive review. Moreover, GCU does not dispute that the Department said the quoted language but otherwise disputes this paragraph.

46. GCU does not dispute that the Department made these statements but otherwise disputes this paragraph.

47. GCU does not dispute that the Department made these statements but otherwise disputes this paragraph.

48. Disputed. GCU did not seek reconsideration of the Department's decision. *See, e.g.*, AR-A-0017 (requiring any request for reconsideration be submitted in writing within 10 days of the Nov. 16, 2019 decision); *see also* AR-B-2325-2327 (proposed revised MSA term sheet dated December 23, 2019). GCU does not dispute that it proposed amendments to the MSA. The Department's characterization of the proposed amendments as slight is disputed. *See, e.g., id.*

49. GCU does not dispute that the Department issued a second decision letter on January 12, 2021, again refusing to recognize GCU as a nonprofit institution. GCU otherwise disputed this paragraph.

50. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the Department's characterization of its analysis. *See, e.g.*, AR-B-2325-2327.

51. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the Department's characterization of its analysis and legal authority. *See, e.g.*, AR-B-2325-2327.

52. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the Department's characterization of its analysis and the relevant law. *See, e.g.*, AR-J-0092.

53. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the Department's characterization of its analysis. AR-A-0010; AR-A-0015.

54. GCU does not dispute that the Department's decision includes the quoted language, but otherwise disputes this paragraph, including the Department's characterization of its analysis. 20 USC 1232a.

55. GCU disputes this paragraph to the extent it states GCU does not satisfy the Department's nonprofit definition. GCU further disputes this paragraph to the extent it implies that the Secretary is authorized to decide GCU's nonprofit status and to the extent the Department states that GCU requested reconsideration.

Dated this August 1, 2022.

Respectfully submitted,

/s/Steven M. Gombos
Steven M. Gombos
David A. Obuchowicz
GOMBOS LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, VA 22030

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Kevin E. O'Malley
Hannah H. Porter
GALLAGHER & KENNEDY
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016

*Counsel for Plaintiff*

**Certificate of Service**

I certify that on August 1, 2022, I electronically filed this document using the Court's CM/ECF system.

*/s/ Steven M. Gombos*