UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University,<br>          Plaintiff,<br>v.<br>Miguel Cardona, *et al*,<br>          Defendants. | No. 2:21-cv-00177-SRB<br><br>**[Proposed] Order Governing Remand** |

**[Proposed] Order**

This matter comes before the Court following the Ninth Circuit's November 8, 2024 decision reversing and remanding this Court's Order (ECF 74) granting summary judgment to Defendants Miguel Cardona and the Department of Education (collectively, "Department"). The Ninth Circuit held that the Department failed to apply the proper legal standard under the Higher Education Act of 1965 ("HEA") when it denied Plaintiff Grand Canyon University's ("GCU's") nonprofit status and ordered this Court to remand this matter to the Department for further proceedings.

Accordingly, it is hereby ORDERED that:

1.  The Court's Order denying Plaintiff's Motion for Summary Judgment and granting Defendants' Cross-Motion for Summary Judgment (ECF 74) is VACATED.

2.  It is further ORDERED that the Parties or their representatives must meet and confer (either in person or by remote means) within 21 days of this Order in an effort to resolve any remaining dispute as to GCU's nonprofit status for purposes of the University's participation in the Title IV programs.

3.  If the Parties are unable to resolve any remaining dispute as to GCU's nonprofit status within 21 days of this Order, it is ORDERED that the matter is

REMANDED to the Department for further proceedings to determine whether GCU meets the HEA's "nonprofit" definition based on its previously submitted change-in-control application or its proposed Amended and Restated Master Services Agreement. 20 U.S.C. § 1003(13).

4. Pursuant to 20 U.S.C. § 1003(13) and the Ninth Circuit's Opinion, the Department is instructed to consider whether GCU is owned and operated by one or more nonprofit corporations or associations, no part of the net earnings of which inure, or may lawfully inure, to any private shareholder or individual.

5. The Department must first consider whether GCU qualifies as a nonprofit based on GCU's initial change-in-control application and the supporting documentation that was before the Department as of its November 6, 2019 decision. If, and only if, the Department concludes that GCU does not qualify as a nonprofit based on that information, the Department must then consider whether GCU qualifies as a nonprofit based on GCU's proposed Amended and Restated Master Services Agreement and the supporting information that was before the Department as of its January 12, 2021 decision.

6. The Department must apply the standards and regulations that were in effect as of July 1, 2018, the date of GCU's acquisition of the University from its former owner, Grand Canyon Education, Inc ("GCE").

7. The Department shall not construe the language of § 1003(13) inconsistently with the similar language in 26 U.S.C. 501(c)(3), prohibiting a tax-exempt organization's net earnings from inuring to the benefit of any private shareholder or individual. *See* 26 C.F.R. § 1.501(a)-1(c) (defining "private shareholder or individual" as "persons having a personal and private interest in the activities of the organization.").

8. The Department shall consider only the studies, appraisals, valuations, opinions, or other analyses related to GCU's acquisition of the University from GCE or the Master Services Agreement between GCU and GCE that were included in the

1  Administrative Record designated by the Department in these proceedings. Any challenge
2  to the methodology used in the reports designated in the Administrative Record must be
3  supported by the Department's own comparative analysis or alternative comparable
4  methods.
5      9.      It is further ORDERED that the Department must issue its decision or file a
6  status update with the Court within 60 days of this Order, followed by a new status update
7  every 14 days until the Department issues its decision.

9      IT IS SO ORDERED on this _____ day of February, 2025.

3

**Certificate of Service**

I certify that on February 5, 2025, I electronically filed this Proposed Order using the Court's CM/ECF system.

*/s/ David A. Obuchowicz*

1