BRETT A. SHUMATE
Acting Assistant Attorney General
Civil Division

MARCIA BERMAN
Assistant Director
Federal Programs Branch

JAMES BICKFORD
Trial Attorney (N.Y. Bar No. 5163498)
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
James.Bickford@usdoj.gov
Telephone: (202) 305-7632
Facsimile: (202) 616-8470

*Counsel for Defendants*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University,<br><br>                    Plaintiff,<br><br>     v.<br><br>Denise L. Carter, in her official capacity as Acting Secretary of Education, *et al.*,<br><br>                    Defendants. | Case No. 2:21-cv-177-SRB<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S PROPOSED REMAND ORDER** |

In this case, Grand Canyon University ("GCU") challenged the U.S. Department of Education's denials of the school's application to convert its status to a nonprofit institution of higher education. This Court upheld the Department's denials but the Ninth Circuit reversed on appeal, concluding that "the Department applied the wrong legal standards in evaluating GCU's application." ECF No. 110-1 at 14. The Court of Appeals therefore "remanded to the district court with instructions to set aside the Department's denials and to remand to the Department for further proceedings consistent with this opinion." *Id.* at 21. Such a "remand for further administrative proceedings" is the "ordinary remedy when a court finds an agency's action to be" in violation of the Administrative Procedure Act. *Earth Island Inst. v. Hogarth*, 494 F.3d 757, 770 (9th Cir. 2007). The Department has attached, as Exhibit A, a proposed order that would effectuate such an ordinary remand, in accordance with the instructions of the Ninth Circuit.

Grand Canyon instead proposes a "remand with specific instructions"—telling the Department in great detail what it must consider on remand, what it may not consider, and the order in which it must conduct its analysis—which is only appropriate in "rare circumstances" that do not apply here. *Id.* The Ninth Circuit's "cases directing agency action have often responded to an agency's stubborn refusal to follow [the] mandate [of the Court of Appeals] or statutory provisions." *Local Joint Executive Bd. of Las Vegas v. NLRB*, 657 F.3d 865, 873 (9th Cir. 2011). For example, in *Earth Island*, the Ninth Circuit "vacated an environmental finding by the [National Oceanic and Atmospheric Administration] rather than remand for further study because of the agency's 'intransigence' in twice failing to conduct statutorily required studies." *Id.* (quoting 494 F.3d at 770). In *Arizona Electric Power Cooperative, Inc. v. United States*, it "ordered the [Interstate Commerce Commission] to review power rates under Coal Rate Guidelines when the agency's prior refusal to do so demonstrated a 'history of recalcitrance.'" *Id.* at 873–74 (quoting 816 F.2d 1366, 1376 (9th Cir. 1987)). And in *Local Joint Executive Board*, the Ninth Circuit remanded with specific instructions in light of the National Labor

Relations Board's "inability to resolve the issue repeatedly presented to it." *Id.* at 874. In all of those cases, the decision to direct agency action with specific instructions rested on repeated failures by the agency in question. But there is no such history of repeated failure here. This is an ordinary case of agency action being reviewed by the Court of Appeals for the first time, and the "ordinary remedy" of "remand for further administrative proceedings" consistent with the Ninth Circuit's opinion, without further instruction, is appropriate here. *Earth Island*, 494 F.3d at 770.

And even if this Court disagreed, it is bound by the mandate of the Court of Appeals. "When a case has been decided by [the Ninth Circuit] on appeal and remanded to the District Court, every question which was before [the Court of Appeals] and disposed of by its decree is finally settled and determined." *Firth v. United States*, 554 F.2d 990, 994 n.3 (9th Cir. 1977) (quoting *Thornton v. Carter*, 109 F.2d 316, 319 (8th Cir. 1940)). The District Court "is without power to do anything which is contrary to either the letter or spirit of the mandate construed in the light of the opinion of [the Ninth Circuit] deciding the case." *Id.* (quoting *Thornton*, 109 F.2d at 320); *accord Colville Confederated Tribes v. Walton*, 752 F.2d 397, 400 (9th Cir. 1985). "On remand, a trial court can only consider 'any issue not expressly or impliedly disposed of on appeal.'" *Vizcaino v. U.S. Dist. Court for W. Dist. of Wash.*, 173 F.3d 713, 719 (9th Cir. 1999) (quoting *Firth*, 554 F.2d at 993).

The Ninth Circuit instructed this Court "to remand to the Department [of Education] for further proceedings consistent with this opinion." ECF No. 110-1 at 21. In doing so, the Court of Appeals explicitly chose the "ordinary remedy" of a "remand for further administrative proceedings" over a "remand with specific instructions." *Earth Island*, 494 F.3d at 770. This Court must comply with that choice by effectuating such an ordinary remand. A proposed order that would do so is attached.

Date: February 11, 2025                    Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Acting Assistant Attorney General
                                           Civil Division

                                           MARCIA BERMAN
                                           Assistant Director
                                           Federal Programs Branch

                                           */s/ James Bickford*
                                           JAMES BICKFORD
                                           Trial Attorney (N.Y. Bar No. 5163498)
                                           United States Department of Justice
                                           Civil Division, Federal Programs Branch
                                           1100 L Street, NW
                                           Washington, DC 20530
                                           James.Bickford@usdoj.gov
                                           Telephone: (202) 305-7632
                                           Facsimile: (202) 616-8470

                                           *Counsel for Defendants*