Kevin E. O'Malley (006420)
Hannah H. Porter (029842)
Gallagher & Kennedy
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016
Telephone: 602.530.8000
Facsimile: 602.530.8500
Email: kevin.omalley@gknet.com
Email: hannah.porter@gknet.com

Steven M. Gombos (*pro hac vice*)
Virginia State Bar No. 30788
David A. Obuchowicz (*pro hac vice*)
Virginia State Bar No. 82483
Gombos Leyton, PC
11350 Random Hills Road, Suite 400
Fairfax, Virginia 22030
Telephone: 703.934.2660
Facsimile: 703.934.9840
Email: sgombos@glpclaw.com
Email: dobuchowicz@glpclaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Grand Canyon University,<br><br>                              Plaintiff,<br><br>v.<br><br>Miguel Cardona, *et al*,<br><br><br>                              Defendants. | No. 2:21-cv-00177-SRB<br><br>**Plaintiff Grand Canyon University's Reply in Support of its Proposed Remand Order** |

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1    Contrary to the government's response, (1) the mandate rule does not restrict the

2    Court from remanding to the agency with instructions that effectuate the Ninth Circuit's

3    decision, (2) this is the "rare circumstance" when specific instructions are appropriate, and

4    (3) equitable considerations favor the inclusion of specific instructions along with the

5    Court's remand. Accordingly, Plaintiff Grand Canyon University (GCU) files this reply in

6    support of its proposed remand order.

7    Initially, the Ninth Circuit's mandate does not preclude this Court from entering

8    GCU's proposed remand order. *Contra* Govt. Resp. at 3. While the Ninth Circuit's mandate

9    is controlling, this Court is "free to decide anything not foreclosed by the mandate." *See*

10   *Hall v. City of L.A.*, 697 F.3d 1059, 1067 (9th Cir. 2012); *see also Ernst v. W. States*

11   *Chiropractic College*, 40 F. App'x 577, 579 (9th Cir. 2002) (finding the district court erred

12   on remand by not considering fees motion where Ninth Circuit did not reach attorneys fee

13   issue on appeal). Nothing in GCU's proposed order is foreclosed by the Ninth Circuit's

14   general mandate.

15   Rather, GCU's proposed remand order effectuates the Ninth Circuit's decision. The

16   Ninth Circuit ordered this Court to set aside the Department's prior decisions (*compare*

17   *GCU v. Cardona*, 121 F.4th 717, 727 (9th Cir. 2024) *with* ECF 112 at ¶1) and remand to

18   the Department for further proceedings consistent with the Ninth Circuit's decision

19   (*compare Cardona*, 121 F.4th at 727 *with* ECF 112 at ¶3). The specific instructions in

20   GCU's order that the government criticizes (*see* Govt. Resp. at 2) simply track the Ninth

21   Circuit's analysis.

22   • *Compare Cardona*, 121 F.4th at 726 (addressing the correct HEA

23   standard in 20 U.S.C. § 1003(13) that the Department must apply) *with*

24   ECF 112 at ¶4 (instructing the Department to consider 20 U.S.C. §

25   1003(13));

26

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1

- *Compare Cardona*, 121 F.4th at 721, 723 (detailing the Department's analysis of GCU's 2018 application and then 2021 proposal) and 726-27 (analyzing the Department's first decision and then second decision) *with* ECF 112 at ¶5 (instructing the Department to consider GCU's first application and, as necessary, its second proposal);

- *Compare Cardona*, 121 F.4th at 725 (instructing that 20 U.S.C. §1003(13) and 26 U.S.C. 501(c)(3) both impose the same "'no part of the net earnings' of the organization may 'inure[] to the benefit of any private shareholder or individual" requirement) *with* ECF 112 at ¶7 (instructing the Department to construe this language consistently);

- *Compare Cardona*, 121 F.4th at 721 n. 2 (applying the Department's regulations in effect on or before January 2021) *with* ECF 112 at ¶6 (instructing the Department to apply the regulations in effect when GCU submitted its change-in-ownership application).[1]

Critically, GCU's proposed order does not instruct the Department what decision it must reach as a result of any further administrative proceedings. Instead, it simply requires the Department to adhere to the Ninth Circuit's instructions.

In addition, this case presents the "rare circumstances" when specific instructions are appropriate. *See Earth Island Inst. v. Hogarth*, 494 F.3d 757, 770 (9th Cir. 2007). GCU raised credible allegations of agency bias and bad faith in its challenge to the Department's prior decisions. *See, e.g.*, ECF 38 at 13-15; ECF 59 at 1. The Department decided *before* the transaction's closing date that it would deny GCU's nonprofit status but withheld that decision from GCU during a nearly seven-month pre-acquisition review process (a process specifically intended for the Department to provide an institution with feedback before it

---

[1] There are no material changes in the pertinent regulations between 2018 and 2021. The Department substantially revised its nonprofit definition in July 2023, well after this litigation commenced. *Compare* 34 C.F.R. § 600.2 (2020) *with* 34 C.F.R. § 600.2 (2025).

undertakes a change in ownership). *See* ECF 38 at 13-15; ECF 46 at 1-6. The Department then delayed informing GCU of its decision for nearly 16 months. *Id.* We understand this Court took a different view of those allegations, *see* ECF 55 at 14-15, and the Ninth Circuit reversed and remanded without addressing them, *see generally GCU v. Cardona*, 121 F.4th 717, 727 n.8 (9th Cir. 2024).

But events subsequent to the case's submission on appeal have raised additional serious concerns of agency bias and bad faith. *See* American Principles Project, *APP Study: Biden-Harris Admin Weaponized Education Office to Target Christian and Career Colleges* (Nov. 18, 2024) (discussing GCU among other Christian colleges), https://shorturl.at/A1XmO; *see also* Valerie Richardson, The Washington Times, *Report: Biden administration weaponized Education Department to target Christian, career schools* (Nov. 18, 2024) (same) https://shorturl.at/cxA5P. Indeed, in testimony before the House Appropriations Committee, the recent Education Secretary "vowed to 'shut down'" the University. *See* Jon Riches and Stacy Stankey, Fox News, *What is Biden's team hiding about its pledge to 'shut down' America's largest Christian university?* (April 25, 2024), https://shorturl.at/CfJek; *see also* Jamie Joseph, Fox News, *Harassment of Christian college by Biden administration blasted by state education official* (April 20, 2024), https://www.foxnews.com/politics/harassment-christian-college-biden-admin-blasted-state-education-official. These facts present the "rare circumstances" where specific instructions effectuating the remand to the agency are appropriate.

Finally, there are strong equitable reasons for the specific instructions requested here. The University filed its pre-acquisition review application more than seven years ago and has yet to receive consideration of its application under the appropriate legal standard. The Department delayed issuing its initial decision for nearly two years after GCU's initial preacquisition application and then applied the incorrect legal standard. This has caused GCU significant hardships, not the least of which is copycat litigation filed by the Federal

Trade Commission citing this Court's prior order and the Department's legally deficient decisions to allege that GCU misrepresented itself as a nonprofit. *See, e.g.*, ECF 103 (FTC motion to transfer its case to Judge Bolton). Under the circumstances, a remand with special instructions to apply the appropriate standard as directed by the Ninth Circuit and to reach a decision within 60 days or file a status update with the Court is appropriate and just.

For the foregoing reasons, GCU requests that the Court enter the proposed remand order filed on February 5.

Dated this February 18, 2025.


Respectfully submitted,

/s/David A. Obuchowicz
Steven M. Gombos
David A. Obuchowicz
GOMBOS LEYTON, P.C.
11350 Random Hills Road, Suite 400
Fairfax, VA 22030


Kevin E. O'Malley
Hannah H. Porter
GALLAGHER & KENNEDY
2575 E. Camelback Road, Suite 1100
Phoenix, Arizona 85016

*Counsel for Plaintiff*

4

1

**Certificate of Service**

2

   I certify that on February 18, 2025, I electronically filed this document using the

3

Court's CM/ECF system.

4

5                                                  */s/ David A. Obuchowicz*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26